THE ATLANTIC AND GULF RAILROAD COMPANY, plaintiff in error, vs. THE FLORIDA CONSTRUCTION COMPANY, defendant in error.

1. The plaintiff in an attachment may, by serving the defendant with notice and by the other methods provided by law, get a general judgment against the defendant and his property, but in the distribution of money raised from the sale of property attached he is still an attaching creditor, and the money is to be divided according to the priorities of the several attachments, to-wit: according to the date of the levies.
2. Continuances are in the discretion of the court, and this court will not interfere with that discretion if the party complaining is wanting in proper diligence.

Attachment. Lien. Judgment. Continuance. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1873.

The Atlantic and Gulf Railroad Company and the Florida Construction Company sued out attachments against the Jacksonville, Pensacola and Mobile Railroad Company, which were levied upon three steamboats. The boats were sold and the money paid into the registry of the court for distribution. The levy of the attachment of the Florida Construction Company was the first in point of time. Judgments were obtained at the same term of the court.

The Florida Construction Company moved to have the proceeds of said property paid over to their judgment. The Atlantic and Gulf Railroad Company tendered an issue alleging that it claimed a general judgment on account of having the acknowledgement of service of the agent of the Jacksonville, Pensacola and Mobile Railroad Company on its attachment; that the court had refused to allow such a judgment to be taken, which ruling had been carried by writ of error to the supreme court. It therefore prayed that said fund be not distributed until the decision of the supreme court be rendered in the cause aforesaid.

It also alleged that the claim of the Florida Construction Company had been paid.

Issue was joined on the last ground.   What became of the first the bill of exceptions does not disclose, but it is supposed to have been dismissed on demurrer.   A motion for a continuance was then made by the Albany and Gulf Railroad Company, in order to procure the testimony of ........ Chase, a non-resident member of the firm of the Florida Construction Company.   To this end it showed by L. E. Keefe, that soon after the boats were attached, he met said Chase in New York, just as he was landing from the steamer Scotia on her return from Europe, and told him of said attachments; that Chase replied that he was sorry for it, as he had negotiated the bonds of the Jacksonville, Pensacola and Mobile Railroad Company in Europe, and thought that the case could be settled with the proceeds of the same.   Further, that he, Keefe, was the agent of the Jacksonville, Pensacola and Mobile Railroad Company at Columbus, but could not say whether the claim of the Florida Construction Company had been paid or not, and could not say that he could prove that the debt was paid.

The motion for a continuance was overruled, and the Atlantic and Gulf Railroad Company excepted.

The jury found the issue of payment in favor of the Florida Construction Company, and the fund was accordingly distributed, to the exclusion of the Atlantic and Gulf Railroad Company.   Whereupon it excepted.

Error is assigned by the Albany and Gulf Railroad Company upon the above grounds of exception.

HENRY L. BENNING; LOUIS F. GARRARD, for plaintiff in error.

R. J. MOSES, for defendant.

McCAY, Judge.

1. It was not error to refuse to continue the issue until it was finally determined whether the Atlantic and Gulf Railroad was entitled to a general judgment.   Such a judgment, if obtained, would not defeat the priority of the Construction

Company so far as relates to the property attached. Both these creditors are attaching creditors of the defendant, and the lien of each upon the property attached is, as provided by section 3255 Irwin's Code, to be determined by the date of the levy. True, it is provided that an attaching creditor may, by serving notice, or by replevy, or by the defendant coming in and defending on the merits, have a general judgment, and this is to have the "same force and effect" as if there were personal service. But this language is to be taken in connection with the provisions of section 3255 Irwin's Code, "that the lien of an attachment is created by the levy and not the judgment on the attachment, and in case of a conflict between attachments, the one first levied shall be first satisfied; but in a contest between attachments and *ordinary* judgments or suits, it is the judgment and not the levy which fixes the lien."

A judgment obtained by giving the ten days' notice, as provided by section 3233 Irwin's Code, is in no fair sense an ordinary judgment. It is commenced by attachment—the defendant may be notified only ten days before final judgment, and the *fi. fa.* must be first levied on the property attached. It would be, we think, bad public policy to permit one attaching creditor thus, by connivance with the defendant, to divest the lien of the first levy, and we do not feel disposed to give the language of the law that construction, as we cannot suppose the general assembly to have so meant, without clear language to that effect. As to the property of the defendant other than the attached property, the lien of the judgment dates from the judgment; but as to the attached property, the rights of the attaching creditors—including the creditor who has got his attachment enlarged—are fixed by the levy.

2. Upon the other point we are not prepared to say the judge was not right. The evidence is at best only suggestive that if the parties had time they might prove payment, but is very inconclusive. The agent may have never got the money; he may have only made the arrangement, or if he got the money

he may, as would be his duty, have fulfilled his trust by delivering it to his principal. Besides, the Atlantic and Gulf Railrooad was bound to know that this issue would come up. This was the judgment term, the money was in the hands of the officers of court, and a motion for its distribution was to be expected. The information Keefe had should have been followed up so as that it could have been at least stated what the truth was. As it is, the matter is pure conjecture.

Judgment affirmed.