*O. E. & M. C. Horton,* contra.

---

GLOVER *v.* DIMMOCK, trustee, *et al.*

1. It is not a good reason to set aside a judgment that the party against whom it was rendered was prevented from attending the trial on account of the serious illness of her mother, and that the counsel retained by her had, prior to the rendition of the judgment and without notifying her, caused their names to be erased from the docket and stated that they did not represent her ; it not appearing that she had dismissed them as her counsel, that she made any effort to have the trial postponed, or that she notified any one connected therewith of her inability to be present at the trial.

2. The allegations of the plaintiff's petition, even if true, disclose no reason for setting aside the judgment rendered against her, and the demurrer of the defendants was properly sustained.

Argued February 23, — Decided March 4, 1904.

Motion to set aside judgment.   Before Judge Lumpkin.   Fulton superior court.   April 21, 1903.

*R. O. Lovett* and *W. W. Haden,* for plaintiff.

*J. H. Porter,* for defendant.

Candler, J.   This was a proceeding in the nature of an equitable petition to set aside a judgment.   A demurrer to the petition

was sustained.    The plaintiff, in her bill of exceptions to this court, "for cause of error says that she was not represented at the time of the rendition of the judgment sought to be set aside, and had a valid legal excuse for her absence, as set out in her petition made to set aside the same."    On this point the petition alleges that at the time of the rendition of the judgment against her the petitioner was detained at home on account of the serious illness of her mother, who shortly afterwards died, that she had employed two attorneys to represent her, and that she afterwards learned that prior to the trial of the case both of her attorneys caused their names to be erased from the docket, stating that they no longer represented her.    She also alleged that she had no notice that her attorneys, or either of them, intended to abandon her cause, and did not learn of it until long after the trial at which the judgment was rendered.

1. We are clear that these allegations were not sufficient to support an order setting aside the judgment.    The action of plaintiff's counsel in causing their names to be erased from the docket and stating that they no longer represented her did not, ipso facto, terminate the relation of attorney and client between them and her.    "An attorney can not, alone and of himself, terminate the relation to the injury of his client; although the client may end it at any time, without notice, and without showing any cause therefor."    3 Am. & Eng. Enc. L. (2d ed.) 328, and cases cited in note.    It is not made to appear that the plaintiff made any effort to notify any one connected with the case of her inability to be present at the trial, or that she took any steps to have the case postponed or continued.    The petition sets up a good cause of action against the plaintiff's attorneys for their gross negligence and wanton abandoment of her interests, but it shows no cause for setting aside the judgment already rendered.    *Phillips* v. *Taber*, 83 *Ga.* 565.

2. The case in which the judgment sought to be set aside was rendered arose on a petition for injunction, filed by the plaintiff, to restrain the sale of certain land under a power of sale in an instrument conveying the land to the defendants as security for a debt.    It appears from the petition in the present case that the petition for injunction "alleged that petitioner was not indebted to [the defendants] the amount for which said land was being advertised; that there was usury in the contract on which said paper

was founded, and the same was not a conveyance of title." It also appears that the defendants in their answer denied the allegations of usury, but averred their willingness to take a judgment for the amount which the plaintiff admitted to be due. They also prayed in their answer for a judgment for a special lien on the property in question, and the judgment sought to be set aside was framed on this answer. It does not appear from the present petition that in the original petition for injunction there was any prayer that the conveyance be set aside as void for usury; indeed, it is presumable from the record that if the plaintiff had been present at the trial and represented by attorneys, no different result could have been reached. She admitted an indebtedness for a part of' the sum claimed by the defendants, and they in their turn, while denying usury, agreed to take what she admitted to be due. In the absence of a prayer to set aside as usurious the instrument, be it deed or mortgage, which gave a special lien on the land, it is difficult to understand what effect upon her rights the presence or absence of herself or her counsel could have had.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*