## COLLIER ESTATE *v.* MURRAY.

PER CURIAM. 1. In order to defeat a proceeding based upon a lease, which was a complete contract in itself, upon the ground that subsequently to the making of the same there was a novation of the contract, it would be necessary to show that another contract containing other and different terms from the original had been agreed upon, and that there was a consideration for the novation. In the present case the defendant against whom proceedings to collect rent under the terms of the original lease had been instituted, and who set up a new contract, failed to show a novation; because, in the first place, there was no consideration for the new contract set up, and, in the second place, it does not appear from the evidence that there was a meeting of the minds upon the new agreement as alleged.

2. In view of the ruling made in the preceding headnote, it is unnecessary to pass upon the other assignments of error contained in the record, as that ruling disposes of the issue in this case upon its merits.

*Judgment reversed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 21, 1916. REHEARING DENIED SEPTEMBER 23, 1916.

Distraint. Before Judge Bell. Fulton superior court. March 16, 1915.

*Troutman & Troutman* and *C. T. & L. C. Hopkins,* for plaintiff.

*A. H. Davis,* for defendant.

---

## LAPIERRE *et al. v.* MARTIN *et al.*

PER CURIAM. 1. Remaindermen, whose estate is vested subject to divestiture upon their death before the life-tenant, can not, during the existence of the precedent life-estate, maintain a suit to cancel a deed executed by the life-tenant individually and also as their trustee, purporting to convey the estate in solido. *Latham* v. *Inman,* 88 *Ga.* 505. (15 S. E. 8).

2. For the foregoing reason the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 21, 1916.

Petition to cancel deed. Before Judge Pendleton. Fulton superior court. May 31, 1915.

*J. C. Edwards & Sons,* for plaintiffs.

*McMillan & Erwin, I. H. Sutton,* and *H. H. Dean,* for defendants.