### 7775. BURTON *v.* ETHERIDGE.

BLOODWORTH, J. 1. When a case is set for trial due diligence requires that the defendant, if he desires a continuance, be present either in person or by attorney on the call of the case; and it is not a good ground for a motion for new trial that an agent of the defendant, on the morning of the day set for the trial of the case, went to the home of the defendant to notify her to attend court, and, finding her in bed sick, was delayed in locating the family physician and getting an affidavit from him as to the condition of the defendant, and reached the court with the affidavit after the case had been tried.

2. Upon the call of a case, if it appears that the defendant is absent, and the attorney for the defendant has his name stricken from the docket and from the case, it is not error for the court to proceed with the case and give it such direction as the pleadings or the pleadings and the evidence may demand. *Howell* v. *Glover,* 65 *Ga.* 466 (2); *Glover* v. *Dimmock,* 119 *Ga.* 696 (46 S. E. 824); *Sparks & Sons Co.* v. *Ober,* 138 *Ga.* 316 (75 S. E. 135).

3. In the instant case it is not made to appear that the judge erred in directing a verdict for the plaintiff. *Phillips* v. *Collier,* 87 *Ga.* 66 (13 S. E. 260); *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168).

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*

DECIDED MARCH 19, 1917.

Complaint; from city court of Atlanta—Judge Reid. May 3, 1916.

*John P. Haunson,* for plaintiff in error.