### 9021. McANALLY *v.* BANK OF ABBEVILLE.

1. That the defendant on the day of the trial was too ill to attend court is not cause for a new trial, if no motion to continue was made, and if it be not shown that he endeavored to communicate to the court the fact of his illness, or that he was so situated that he could not do so.

2. That counsel's announcement of ready for trial was made in the absence and without the knowledge, consent, or approval of the client, a party to the case, is not cause for a new trial.

3. The evidence authorized the verdict.

DECIDED APRIL 10, 1918.

Complaint; from Wilcox superior court—Judge Crum. June 5, 1917.

*M. B. Cannon, H. E. Coates,* for plaintiff in error.

*Hal Lawson,* contra.

BLOODWORTH, J. When this case was called for trial the defendant was absent, but one of his attorneys was present,. and the other came into court before the trial proceeded. There was no motion to continue the case, but a new trial was asked upon the ground that the defendant was too ill on the day of the trial to attend court. However, it is not shown that he made any effort to communicate this fact to the court or to his attorneys, or that he was so situated that he could not do so. This shows lack of diligence. "Where a party to a suit has ample opportunity to inform the court of his sickness and obtain a continuance, after verdict in his absence, a new trial will not be granted on the ground that he was sick, and—not expecting the case to be tried—did not send any affidavit of his sickness. 51 *Ga.* 241; 53 *Ib.* 149; 54 *Ib.* 60; 59 *Ib.* 83." *Lumpkin,*v. *Respess,* 68 *Ga.* 822.

In the motion for a new trial it is stated that any announcement of ready for trial by counsel for the defendant was "without his knowledge, consent, or approval." In *Williams* v. *Simmons,* 79 *Ga.* 654 (7 S. E. 135), Chief Justice Bleckley said: "There is full power on the part of the counsel to represent the client, and it is just the same as if the client were there in person; and it is no

answer to a decree, a solemn judgment of a court, for the client to come in and say that the counsel misrepresented the client's interests, or did not represent the client's wishes. Let the client see that the counsel conforms to instructions; and if there is any injury by failure to do it, let the counsel answer for it, and not the other party."

Under the rulings above, the grounds of the amendment to the motion for a new trial in this case are without merit. See also *Sparks* v. *Ober & Sons Co.*, 138 *Ga.* 316 (75 S. E. 135); *Denmond* v. *Hillyer*, 129 *Ga.* 698 (59 S. E. 806); *Glover* v. *Dimmock*, 119 *Ga.* 696 (46 S. E. 824); *Burton* v. *Etheridge*, 19 *Ga. App.* 511 (91 S. E. 927).

The evidence authorized the verdict, and a new trial was properly refused.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*