### 16216.　WIMBERLY v. TANNER, guardian.

BELL, J. 1. The rule that contemporaneous evidence is generally inadmissible to contradict or vary the terms of a valid written instrument (Civil Code of 1910, § 5788) is not violated by proof of a new and distinct subsequent agreement in the nature of a novation. Civil Code (1910), § 5794. But the novation, to be valid, must be supported by some new consideration. Civil Code (1910), § 4226; *Collier Estate* v. *Murray*, 145 *Ga.* 851 (1) (90 S. E. 52).

2. Where under a written contract an attorney at law was employed to represent the other contracting party in obtaining satisfaction of a claim for damages for a tort committed by a third person, and was empowered to enter suit whenever in the opinion of the attorney it became necessary, and was expressly authorized to make such settlement of the claim as he saw fit, without further consent from this client, the authority to compromise, owing to the peculiar relation of attorney and client, was revocable by the client at will at any time before it was executed. *Glover* v. *Dimmock*, 119 *Ga.* 696 (1) (46 S. E. 824); *Davis* v. *First National Bank*, 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750); *Bearden* v. *State*, 13 *Ga. App.* 264 (2), 267 (79 S. E. 79); Maxwell *v.* Pate (Miss.), 16 So. 529.

3. Where an attorney at law, who was employed under a contract containing the provisions mentioned above and further providing that he should receive for his services a contingent fee of fifty per cent. of the recovery, after suit filed informed his client that he was about to compromise the case upon the payment by the defendant of the sum of $1,500, to which the client objected, contending that the sum was too small and instructing the attorney to proceed with the litigation unless he could procure better terms of settlement, and where the attorney replied with a proposition to the effect that if the client would consent to the settlement as stated he, the attorney, would exact as his compensation only one third of the recovery, to which proposition the client assented, and the attorney thereupon effected the settlement accordingly, such new and subsequent oral agreement in regard to fees was not wanting in consideration; nor was it a violation of the parol-evidence rule to admit proof of the same, in the trial of a money rule upon a petition by the client against the attorney wherein the only issue in dispute was as to the amount of the attorney's fee. This case is distinguishable from such cases as *Willingham Sash & Door Co.* v. *Drew*, 117 *Ga.* 850 (1) (45 S. E. 237).

4. Applying these rulings, the court did not err in overruling the attorney's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 9, 1925.

Rule; from Laurens superior court — Judge Kent. December 31, 1924.

*S. P. New, M. H. Blackshear, H. B. Wimberly,* for plaintiff in error.

*B. B. Blount,* contra.