### 34853. DIPRIMA *v.* HICKS *et al.*

TOWNSEND, J. 1. "In all applications for a new trial on other grounds not provided for in this Code, the presiding judge must exercise a sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts." Code § 70-208. "Where, on account of a misunderstanding between attorneys and their

client as to fees, the former had their names stricken from the docket as defending the case, and on the call thereof they declining to appear, there was no response for the defendant, and judgment went against him, it will not be set aside because he expected them to suggest his bankruptcy and apply for a stay of proceedings." *Howell* v. *Glover*, 65 *Ga.* 466 (2). "Upon the call of a case, if it appears that the defendant is absent, and the attorney for the defendant has his name stricken from the docket and from the case, it is not error for the court to proceed with the case and give it such direction as the pleadings or the pleadings and the evidence may demand." *Burton* v. *Etheridge*, 19 *Ga. App.* 511 (2) (91 S. E. 927).

2. It is no ground for a new trial that the defendant through lack of diligence failed to be present upon the call of the case. See *Drain Tile Machine, Inc.* v. *McCannon*, 80 *Ga. App.* 373 (3) (56 S. E. 2d 165).

3. Applying the foregoing rules of law to the facts here, as appears from the statement of facts hereinafter set forth, it was not error to refuse a new trial at the instance of a defendant who could have, in the exercise of diligence, been present with counsel, whom she had ample opportunity to employ, after the withdrawal of the counsel already representing her.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided October 22, 1953—Rehearing denied November 10, 1953.

*Andrew A. Wassick*, for plaintiff in error.

*James Maddox*, contra.

The firm of Hicks and Culbert, attorneys at law, Rome, Georgia, sued the plaintiff in error, Sarah Coleen Diprima, in the Superior Court of Floyd County. The defendant was represented by a firm of lawyers located at Rossville, Georgia, and a lawyer of the Floyd County bar. A Tennessee lawyer who was also a member of the Georgia bar, but who never appeared as counsel of record in this case, acted as agent for the defendant in the employment of her counsel and in keeping up with the progress of the case. This agency is supported in the record by affidavits of both the defendant and the agent herself.

The case was first set for trial on October 15, 1952, and continued until January 13, 1953, then continued again until January 26, 1953. On January 14, 1953, the agent of the defendant received a letter from the Rossville attorneys of the defendant who had been employed by such agent to represent the defendant, which letter contained a paragraph as follows: "So that everyone will completely understand the matter, you are advised that as of this date we assume no further responsibility in this

case." A copy of this letter was sent to defendant's Rome attorney, who upon receipt thereof, wrote the agent of the defendant advising her that since he was only keeping up with the progress of the case as a favor to defendant's Rossville attorneys, and since the Rossville attorneys had withdrawn from the case, he was himself withdrawing therefrom. Subsequently, on January 19, the Rossville attorneys wrote the agent of the defendant as follows: "There is no great big hurry about the case in Rome, we will appear as counsel on that case, together with Mr. Hoyt, and Judge Nichols will make proper investigation in the case, we feel sure, before he will take any action in the case, and this is particularly true when a situation of this sort arises. You are perfectly at liberty to engage other counsel, but before we surrender any documents, or give in one inch (except by order of the judge) we shall insist that Mrs. Diprima pay Mr. Hoyt $100, and this firm $150. We are sure the case will not be reached next week." When the case was continued from January 13 to January 26 the agent of the defendant procured this continuance through an agreement with one of the plaintiffs and therefore knew that the case was set for trial at the top of the calendar on the week of January 26. Upon the call of the case on the morning of January 26, neither the defendant, her agent, nor any of the attorneys who had previously appeared of record for her was present. The case was passed until that afternoon in an effort to reach the defendant or her agent. On the afternoon of January 26 the agent was notified that the case would be tried the next morning. On the afternoon of January 27 the case was actually tried and a verdict entered for the plaintiffs.

The defendant filed a motion for a new trial on the general grounds which was later amended by three special grounds as follows: that defendant was misled by the statement of her former counsel that there was no hurry about the case; that the verdict is against the principles of justice and equity for stated reasons, and that because of the court's knowledge of the misunderstanding between herself and her counsel, she has been deprived of due process of law.

The exception was to the overruling of the motion for new trial as amended.