## 47781. ALLSTATE INSURANCE COMPANY v. MOODY.

DEEN, Judge. The defendant insurance company issued the plaintiff a policy of fire insurance on his home

which was in effect on April 23, 1970, when the house was damaged by fire. No copy of the policy appears in this record, but the complaint alleges that it contained an agreement "to pay for any such fire loss to said home." Following a dispute as to whether the building could be repaired or whether it should be razed and rebuilt, the parties entered into an agreement to repair on May 21, 1971, containing provisions for arbitration after completion and agreeing that the contractor should be chosen by the insurance company. While repairs were in progress the house was destroyed by a second fire on July 16, 1971. Thereafter the insurer refused to pay the plaintiff, who filed suit seeking a money judgment. Plaintiff then moved for summary judgment on liability and the defendant moved for judgment on the ground that, the subject matter of the agreement having been destroyed, it has no further liability to the plaintiff. The trial court granted the plaintiff summary judgment on the issue of liability only and denied the defendant's motion. *Held:*

The only evidence heard by the trial court was the plaintiff's deposition, from which it appears that the second fire demolished the property and started during a thunderstorm; that he was of the opinion the cause of the disaster was arson but others were of the opinion it was caused by lightning. If the latter, of course, Code § 20-1102 would apply: "If such a performance is impossible, and becomes so by an act of God, such impossibility is itself a defense equivalent to performance." As stated in *Carruth v. Aetna Life Ins. Co.,* 157 Ga. 608 (2a) (122 SE 226): "One is not charged with the performance of any duty which is prevented by providential circumstances which are beyond human control." Because the insurance policy is not in evidence, and because the defendant's answer to the allegation that it contained a provision to pay for the original fire loss is that "any interpretation of the language contained therein by the plaintiff is improper

and taken out of context" we cannot assume what the original duties of the defendant might have been. We do know that the agreement to repair was made by both parties in an effort to reach an agreement as to what these duties were. From the record on appeal it appears highly likely but by no means unequivocally certain that the subject matter of the compromise agreement was thereafter destroyed, if not by providential cause, at least without fault on the part of either party thereto, and that it was therefore impossible of fulfillment. If destroyed by a cause over which neither party had control, this would constitute a defense to the insurer to the extent that no action for damages for failure to repair could be brought against it, but the mere promise to repair unfulfilled for any reason would not be a satisfaction of whatever liabilities it may have had under its insurance contract. The agreement is no more than a contract to fulfill the original obligation in a specific way which, to the extent that it was carried out, might constitute a defense pro tanto to an action on the policy but which would not, until it was itself executed, relieve the insurer of its original obligation to make good the fire loss.

This is obvious from the fact that the purpose of fire insurance is generally to make the insured whole to the extent of the monetary commitment involved. This policy was cancelled after the first fire loss. If insurance was then procured from another insurer it may be assumed that the latter would be liable on the second loss for no more than the value of the building in the condition in which it was when the second fire occurred. The insured would under such circumstances be entitled to reimbursement pro tanto from each policy depending on valuation at the time of each fire.

The agreement to repair was not an accord and satisfaction of whatever liability the defendant may have had under the insurance contract until itself executed. Code § 20-1201. Nor would it be a novation such as to destroy the underlying obligation to pay the fire loss unless for valuable consideration. Code § 20-115, and see *Collier Estate v. Murray,* 145 Ga. 851 (90 SE 52).

Although we are unable to determine from the record what obligations devolve upon the parties under the original contract of insurance it does appear from the agreement to repair, which under the facts stated here we must consider to have been abrogated, that the defendant insurer admits itself liable to the plaintiff in some amount. It was accordingly proper to deny the defendant's motion for summary judgment and to grant that of the plaintiff as to liability only.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 3, 1973 — DECIDED FEBRUARY 5, 1973 — REHEARING DENIED FEBRUARY 27, 1973.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Charles M. Goetz, Jr.,* for appellant.

*Weltner, Kidd & Crumbley, R. Alex Crumbley, Charles L. Weltner,* for appellee.