A94A0665. MARLOWE v. LOTT.
(442 SE2d 487)

BIRDSONG, Presiding Judge.

Walter Marlowe files notice of appeal from the trial court's order denying plaintiff's motion to allow withdrawal of admissions of matters and granting summary judgment to defendant. The record, including the pleadings and motions filed therein, has been forwarded

for review; no hearing transcript accompanies this appeal.

On June 18, 1993, appellant's original attorney filed a notice to withdraw immediately from the case, stating that all further notices, motions, and related court documents should be served upon appellant/plaintiff. On June 28, 1993, appellee sent a request for admissions directly to appellant; this request was so broad as to constitute a virtual concession of the case. No copy of the request was served on appellant's original attorney. On August 2, 1993, an order of the trial court was filed formally allowing the withdrawal of appellant's original attorney. The record reflects that appellant attempted, without success, to hire several other attorneys to represent him before hiring his current attorney. On August 6, 1993, the current attorney filed an entry of appearance, and that same day filed a motion to withdraw the admissions. *Held*:

1. The trial court's finding of fact that appellant's original counsel formally withdrew from the case on June 17, 1993, is erroneous as a matter of law. Although the attorney filed notice of withdrawal without specifying any time therefor and apparently attempting to withdraw instanter, we find a formal withdrawal cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record. Uniform Superior Court Rule 4.3 clearly requires counsel to submit a "request" for "an order permitting withdrawal" in writing; the request shall state, inter alia, an "intention" to withdraw not less than ten days hence (unless a lesser time is shown of record to have been approved by the trial court). Although such request will be granted unless in the judge's discretion to do so would delay the trial of the action or otherwise interrupt the orderly operation of the court or result in manifest unfairness to the client, withdrawal does not occur automatically upon the expiration of the period of time specified in the request, but occurs only when duly ordered by the trial court. Cf. *Morris v. McClinton*, 209 Ga. App. 88 (1) (434 SE2d 174). It is the trial judge and not counsel who controls the proceedings and the conduct of the court officers who are appearing before the court. Uniform Superior Court Rule 4.3 is consistent with the statutory powers of courts to control (in the furtherance of justice) the conduct of its officers and all other persons connected to the pending judicial proceeding, in every matter appertaining thereto. OCGA § 15-1-3 (4). However, the record, as forwarded for appellate review, reflects that the issue of inadequate service of the request for admissions was not raised timely and specifically before the trial court; accordingly, such issue has not been preserved for appellate review. See *Nodvin v. West*, 197 Ga. App. 92, 95 (3a) (397 SE2d 581). Accordingly, we decline to review appellant's second enumeration of error.

2. Appellant asserts the trial court erred in applying the wrong legal standard in evaluating his motion "to withdraw request for admission of matters."

The trial court's order states, inter alia: "Plaintiff had a total of 42 days to retain an attorney from the date of withdrawal of his first attorney and plaintiff has not met his burden of proving 'excusable neglect' in order to allow him to withdraw his admissions." Excusable neglect is not an element of the standard for withdrawal of admissions set forth in OCGA § 9-11-36 (b). See *Moore Ventures Limited Partnership v. Stack*, 153 Ga. App. 215, 219 (264 SE2d 725). There is a two-pronged test to be employed when considering a motion to withdraw admissions. "A court *may* grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby *and* (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits." (Emphasis supplied.) *Intersouth Properties v. Contractor Exchange*, 199 Ga. App. 726, 727 (1) (405 SE2d 764). "If the movant satisfies the court on the first prong, the burden is on the respondent to satisfy the second prong." Id. at 728. Both prongs must be established, pursuant to the standard provided in OCGA § 9-11-36 (b).

Nevertheless, appellant contends, inter alia, that "the trial court thought that the first part of the standard was whether 'excusable neglect' existed . . . and then proceeded to find that the defense would be prejudiced by the allowance of the withdrawal of admissions." The order when examined in its totality establishes that, notwithstanding apparent application of "excusable neglect" as a part of its determination, the trial court in denying appellant's motion also independently determined that "the defendant relied on the admissions to his detriment by not completing discovery and being precluded from doing so pursuant to Rule 5 of the Uniform Superior Court Rules which has not been granted or requested in this case. Defendant has thereby satisfied this court that to grant withdrawal of the admissions will prejudice defendant in maintaining his defense on the merits due to defendant's reliance on said admissions. Therefore, pursuant to OCGA § 9-11-36, the said request for admissions of matters [is] admitted as a matter of law and fact and the court overrules plaintiff's motion to withdraw the admissions of matters *for the stated reasons*." (Emphasis supplied.) A proper finding that either the first or second prong of the two-prong test was not met will support the ruling by a trial court not to allow the withdrawal of admissions. (Cf. *Cofield v. State*, 204 Ga. App. 776, 778 (1) (420 SE2d 597) failure to meet second prong of two-prong *Strickland* test causes claim of ineffectiveness of counsel to fail.) As the trial court applied the correct legal principle concerning the second prong of the withdrawal test, any error resulting from applying "excusable neglect" as

an additional basis for denying the motion to withdraw would constitute harmless error. Further, as the transcript of the hearing is not before us on appeal, we must conclude that the trial court's factual findings supporting its ruling as to the second prong are correct. See *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500); *Nodvin v. West*, supra at 97 (3c). Appellant's first enumeration of error is without merit.

3. In view of our holding in Division 2 above, we find appellant's third enumeration that the trial court erred in awarding summary judgment to appellee to be without merit. The admissions stand. Appellee/nonmoving party defendant has carried his burden under *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) by relying on the legal effect of the admissions which arose in the case at bar by operation of OCGA § 9-11-36.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 30, 1994.

*Fred R. Kopp*, for appellant.
*Andrew, Threlkeld & Ellington, Charles H. Andrew, Jr.*, for appellee.