A95A0352. DUNN et al. v. DUKE et al.
(456 SE2d 65)

ANDREWS, Judge.

Gary Duke, as the administrator of Ora Duke's estate, and Larry Silver filed actions for wrongful death and asserted claims against Carey Dunn, d/b/a Carey's Place, and Carey Dunn Enterprises and another defendant, pursuant to the Dramshop Act (OCGA § 51-1-40) on February 20, 1989. On October 23, 1992, consolidated pretrial orders in the cases were filed. On December 11, 1992, the cases were placed on a trial calendar with notice sent to the attorneys of record.

On January 11, 1993, Dunn's attorney, C. Alan Nicholson, filed a motion to withdraw from the cases; the certificate of service for the motion was dated December 28, 1992. Attached to the motion was a letter to Dunn dated December 16, 1992, in which Nicholson advised Dunn that he was withdrawing as counsel; that the Cobb County Superior Court would retain jurisdiction of the cases; that Dunn had the burden of keeping the court informed as to his whereabouts and that it was his obligation to hire another attorney to prepare for trial; that if he failed in these obligations, the court might impose sanctions, including dismissal of the answer; and that any scheduled court appearances would not be delayed by the withdrawal.

Also on January 11, attorney Nicholson filed an affidavit in which

he stated that he had notified Dunn by letter on October 7, 1992, that he intended to withdraw if Dunn failed to pay legal fees. That letter, which was attached to the affidavit, stated that the case would be placed on a trial calendar. Nicholson avowed that he had notified Dunn of the trial calendar on December 28, 1992. Nicholson stated that he spoke with Dunn on December 30, 1992, about his withdrawal and that Dunn had stated he had no objections to the withdrawal.

On the same date, January 11, 1993, the court granted the motion for withdrawal, effective immediately. The only certificate of service for that signed order is signed by attorney Nicholson, and dated December 28, 1992, the date of the motion to withdraw. The certificate of service indicated that Dunn had been served with the materials at his last address.[1]

On January 29, 1993, the court entered final judgments in the matters. The judgments indicated that the matters were called for trial on January 25, 1993, and that no response or answer was made by Dunn. Upon motion by each plaintiff, the court struck the answers of the defendants and found that the defendants were in default. The court entered judgment, jointly and severally, against Dunn and the co-defendant in the amount of $750,000 in the action by Duke; and in the amount of $350,000 in Silver's action.

On February 5, 1993, Dunn filed a motion for new trial and motion to set aside the judgment in both cases. The trial court conducted a hearing on those motions, and denied same. Here, Dunn appeals the denial of these motions.

At the hearing on the motions, Dunn testified. He admitted receiving the December 16, 1992 letter from Nicholson informing him of Nicholson's impending withdrawal from the case and admitted discussing Nicholson's withdrawal with him. Dunn stated that he received the first page of the trial calendar, which advised that the court would be holding jury trials during the weeks of January 4, January 11, January 25, and February 1, 1993. Dunn admitted that he was aware of the pending trial calendar and that he had been informed of his duties with regard to keeping the court apprised of his whereabouts. Nevertheless, Dunn testified that he never received the court's order *granting* the motion for withdrawal and thus, that he was never aware that Nicholson had actually withdrawn from the case. Dunn recalled that Nicholson had told him that the court probably would not allow the withdrawal since the trial date was so close. Despite the fact that the certificate of service shows service of the order to Dunn at his business address, Dunn claimed that he did not

---

[1] The signed order is included with the materials which Nicholson included as exhibits to his motion to withdraw.

receive the signed document.

1. Dunn raises four enumerations of error. Citing OCGA § 15-6-21, he claims that he never received notice that the motion to withdraw had been granted and that because of this the court erred in denying his motion to set aside the judgment. He argues that he was never served with a signed withdrawal order and that the certificate of service with the filed order confirms this fact. Dunn argues that the court had a duty to serve him with the completed order and issue a certificate of service so indicating, and that the failure to do so was reversible error.

Uniform Superior Court Rule 4.3 provides the procedures for the attorney who wishes to withdraw as counsel. Clearly, attorney Nicholson complied with the notification requirements which are set forth in subparts (A) through (H).

The rule also provides that "[a]fter the entry of an order permitting withdrawal, the client shall be notified *by the withdrawing attorney* of the effective date of the withdrawal. . . ." The only certificate of service before us with regard to the materials sent to Dunn is dated December 28, 1992. There is no indication that Dunn received anything notifying him of the court's action on the motion after that date.

The question thus becomes whether the court erred in not setting aside the judgments based on the apparent failure to serve Dunn with a copy of the order. The rule states that this responsibility is the *withdrawing attorney's* responsibility, not the court's. We find nothing in OCGA § 15-6-21 which conflicts with this rule.

The responsibility of the court with regard to an attorney's withdrawal was set forth in *Marlowe v. Lott*, 212 Ga. App. 679, 680 (1) (442 SE2d 487) (1994). "It is the trial judge and not counsel who controls the proceedings and the conduct of the court officers who are appearing before the court." *Marlowe*, supra at 680. Accordingly, "a formal withdrawal cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." *Marlowe*, supra at 680.

Here, the court issued such an order on January 11, 1993. With this act, the court completed its involvement with the withdrawal. If the order did not reach Dunn, it is through no fault of the court's and Dunn's redress, if any, is with his attorney. Compare *Washington v. Rucker*, 202 Ga. App. 888 (415 SE2d 919) (1992).

Moreover, "[i]n order for a defendant to obtain a new trial because of his absence or the absence of his counsel at the trial, it must be shown that the party was without fault, and that he had a good defense to the action. The fact that counsel for a party neglected either to appear for trial or to notify his client is not sufficient ground

to authorize a new trial. Where parties have a case in court, it is their duty to attend and look after their interests. They cannot remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them, especially where, by the exercise of the least diligence, they could have ascertained the time when the case was set for trial. They are bound to take notice of the time and place of trial and of when their presence is required." (Citations and punctuation omitted.) *Haralson County Economic Dev. Corp. v. Hammock*, 233 Ga. 381, 383-384 (1) (211 SE2d 278) (1974); see generally *Diprima v. Hicks*, 89 Ga. App. 231, 232 (1) (79 SE2d 8) (1953). Dunn has failed to sustain this burden and we find no error in the denial of his motions.

2. Dunn also claims that the trial court erred in failing to set aside the judgment since his telephone number was not supplied to the court as part of the withdrawal proceedings under the Uniform Rules of Superior Court. Because of this omission, Dunn claims that he could not receive the two-hour notice of trial from the court.

This argument is without merit. Although Dunn's phone number was not supplied in the motion to withdraw, given the facts of this case the failure to provide this number does not constitute reversible error.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 9, 1995 —
RECONSIDERATION DENIED MARCH 23, 1995 —

*Barnes, Browning, Tanksley & Casurella, Thomas J. Browning,* for appellants.
*Jones & Ledbetter, Howard W. Jones, Joseph D. Little,* for appellees.