NOT DESIGNATED FOR PUBLICATION

No. 117,610

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Appeal of DSW BROADVIEW, LLC
From the Denial of Historic Tax Credits.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed June 8, 2018. Reversed.

*S. Lucky DeFries* and *Jeffrey A. Wietharn*, of Coffman, DeFries & Nothern, of Topeka, for appellant.

*Scott Reed* and *James Bartle*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.

LEBEN, J.: The Broadview Hotel opened as a grand downtown Wichita hotel in 1922. The building remains in use today as a hotel.

The case now before us presents a dispute between the building's current owner, DSW Broadview, and the Kansas Department of Revenue about the owner's eligibility for tax credits for some extensive renovation work done on the hotel. The Department said that a portion of the work—remodeling the largely open space in a 1975 addition to make it into a restaurant—didn't qualify for the tax credits because that portion of the building wasn't at least 50 years old. Because that portion of the building was less than 50 years old, the Department concluded that it didn't contribute to the hotel building's overall historic character and thus shouldn't qualify for the historic-building tax credit.

But the Department's position wasn't based on any provision in the Kansas statute authorizing these tax credits, K.S.A. 2017 Supp. 79-32,211, or a related federal law mentioned in the Kansas statute. Nor does either the state or federal statute provide for separate consideration of portions of a building that is otherwise a qualified historic structure, as the Broadview Hotel building has been. We therefore conclude that DSW Broadview is entitled to the tax credits it seeks related to the restaurant build-out within the 1975 addition to the Broadview Hotel building.

With that overview, let's proceed with a more detailed discussion of this appeal. Before we get into the merits of this case, we must first look at how the case got to us and how that affects the way we will review the issues on appeal.

In most administrative proceedings, all the evidence is presented in the agency proceeding, not in a court. But in appeals from the Board of Tax Appeals, the Legislature has provided that any "aggrieved party" may file a petition for review in the Court of Appeals—while "a taxpayer" may file that petition for review either in the Court of Appeals or the district court. K.S.A. 2017 Supp. 74-2426(c)(4). If a taxpayer chooses to appeal to the district court, the Legislature has provided that the appeal there "shall be a trial de novo," meaning that the district court tries the matter anew and decides it independently, based solely on the evidence presented in the district court. See K.S.A. 2017 Supp. 74-2426(c)(4)(B); *Manzano v. Kansas Dept. of Revenue*, 50 Kan. App. 2d 263, 268, 324 P.3d 321 (2014).

Here, though, things didn't go exactly as the statute provides. The taxpayer, DSW Broadview, won in the Board of Tax Appeals and did not appeal that decision. Instead, the appeal was filed by the Department of Revenue. Since the State, not a taxpayer, filed the appeal, its only option was to appeal to the Court of Appeals. But the Department filed its petition for judicial review in the district court. Until now, no one has apparently

2

questioned the Department's ability to do so. Because the question has not been briefed in this case, we will presume, without deciding, that had this been noticed, the proper course would have been transfer of the appeal to the Court of Appeals, not dismissal for lack of jurisdiction.

We are comfortable with that approach here because the odd procedure that preceded our consideration of the case does not seem to have any effect. Had the statutory procedure been followed and the petition for judicial review been filed first in this court, we would have owed no deference to the district court—it wouldn't have considered the case. But even if the district court had been the proper place to first consider the Department's appeal, we would still review the issues independently, with no required deference to the district court. That's because even though the statute presumes that review in the district court is de novo, with all the evidence presented there, the parties here chose not to present any evidence to the district court. Instead, they simply resubmitted the competing motions for summary judgment they had submitted to the Board of Tax Appeals. And neither party claimed before the district court that there were facts in dispute.

So the case was decided both in the district court and before the Board of Tax Appeals on competing summary-judgment motions, and the Kansas Judicial Review Act provides that we review decisions on petitions for review of agency action as we would in any civil case. See K.S.A. 77-623 ("Decisions . . . are reviewable by the appellate courts as in other civil cases."). In a civil case, when no material facts are disputed, we review the grant of summary judgment independently, with no required deference to the district court's decision. *Wagner Interior Supply of Wichita, Inc. v. Dynamic Drywall, Inc.*, 305 Kan. 828, 831, 389 P.3d 205 (2017). The same would be true here. In addition, this case also involves statutory interpretation, another situation in which we review the matter independently, with no required deference to the district court's decision. *In re Tax Appeal of BHCMC*, 307 Kan. 154, 161, 408 P.3d 103 (2017).

3

We therefore begin our analysis with the competing summary-judgment motions. The parties presented a single issue—whether some expenditures incurred in the build-out of the restaurant area of the Broadview Hotel building in Wichita qualified for income-tax credits under Kansas law. They stipulated that "the amount of expenditures directly associated with the construction of the Restaurant area . . . that may qualify" for the credit, depending on resolution of their dispute, totaled $1,581,204.

After the Broadview Hotel's 1922 opening, additions were built onto it in 1929, 1950, 1961, and 1975. That last addition provided space for meetings or exhibitions, with the 1975 addition fully connected to the original hotel building.

The present owner, DSW Broadview, now operates the hotel as the Drury Plaza Broadview Hotel. After it acquired the hotel, DSW Broadview undertook extensive renovations, including turning the 1975 addition into a restaurant. The disputed tax credits relate to the remodeling of the 1975 addition. That work was completed in 2011.

Major renovations of a registered historic building require several government approvals along the way, but the amount of any tax credits can't be resolved until the work has been done and expenses totaled up. When DSW Broadview submitted expense records to seek approval of the tax credit it sought, the request was generally approved except for costs related to work within the 1975 addition. The Department said it denied that tax-credit request because those expenditures "were made in connection with new construction in a historically insignificant addition to the historical structure." We must determine whether that's a valid legal reason to deny these tax credits.

The statute at issue in our case is K.S.A. 2017 Supp. 79-32,211. As applicable to our case, it provides a tax credit "in an amount equal to 25% of qualified expenditures incurred in the restoration and preservation of a qualified historic structure pursuant to a

4

qualified rehabilitation plan by a qualified taxpayer." K.S.A. 2017 Supp. 79-32,211(a). Under that provision, DSW Broadview had to show that it had "qualified expenditures," that the building was a "qualified historic structure," that the expenditures were made under "a qualified rehabilitation plan," and that DSW Broadview was a "qualified taxpayer." Each of those terms is defined by statute, so the case ultimately depends on whether DSW Broadview showed it met those definitional requirements.

K.S.A. 2017 Supp. 79-32,211(b) provides statutory definitions for each term:

"(1) 'Qualified expenditures' means the costs and expenses incurred by a qualified taxpayer in the restoration and preservation of a qualified historic structure pursuant to a qualified rehabilitation plan which are defined as a qualified rehabilitation expenditure by section 47(c)(2) of the federal internal revenue code;

"(2) 'qualified historic structure' means any building, whether or not income producing, which is defined as a certified historic structure by section 47(c)(3) of the federal internal revenue code, is individually listed on the register of Kansas historic places, or is located and contributes to a district listed on the register of Kansas historic places;

"(3) 'qualified rehabilitation plan' means a project which is approved by the cultural resources division of the state historical society, or by a local government certified by the division to so approve, as being consistent with the standards for rehabilitation and guidelines for rehabilitation of historic buildings as adopted by the federal secretary of interior and in effect on the effective date of this act. The society shall adopt rules and regulations providing application and approval procedures necessary to effectively and efficiently provide compliance with this act, and may collect fees in order to defray its approval costs in accordance with rules and regulations adopted therefor; and

"(4)  'qualified taxpayer' means the owner of the qualified historic structure or any other person who may qualify for the federal rehabilitation credit allowed by section 47 of the federal internal revenue code."

Those definitions apply "unless the context clearly indicates otherwise." K.S.A. 2017 Supp. 79-32,211(b). Neither party to this appeal has suggested that the context calls for the application of definitions other than the ones we've quoted here.

For the most part, there's neither a factual nor a legal dispute that DSW Broadview's expenditures qualify for the tax credit. The Department of Revenue doesn't dispute that DSW Broadview is a qualified taxpayer. In fact, the Department approved most of the tax credits requested on the overall project. Nor does the Department dispute that "[t]he entire Broadview Hotel structure, without exception and including the 1975 Addition, is a 'qualified historic structure'" or that the entire structure "is the subject of a 'qualified rehabilitation plan.'" The Department admitted these facts in response to DSW Broadview's summary-judgment motion.

The Department disputes only whether these were qualified expenditures. But nothing seems to be missing from the statutory requirements for qualified expenditures:

- The costs must be "incurred by a qualified taxpayer." The Department admitted that DSW Broadview was a qualified taxpayer.
- The costs must be incurred "in the restoration and preservation of a qualified historic structure." The Department admitted that the entire Broadview hotel structure, including the 1975 addition, was a qualified historic structure.
- The costs must be incurred "pursuant to a qualified rehabilitation plan." The Department admitted that the entire structure was "the subject of a 'qualified rehabilitation plan.'"
- The costs must be "defined as a qualified rehabilitation expenditure by section 47(c)(2) of the federal internal revenue code." The Department agreed to most

6

of DSW Broadview's requested tax credits—and there was only a single building and a single qualified rehabilitation plan—so it would seem that the Department also agreed that the expenditures that took place within the 1975 addition also constituted qualified rehabilitation expenditures. After all, nothing in section 47(c)(2) refers to portions of a building or suggests that a building's parts may be considered separately in determining what's a qualified rehabilitation expenditure. See *Alexander v. Comm'r*, 97 T.C. 244, 248-49 (Tax Ct. 1991) ("None of the relevant Code provisions make explicit or implicit reference to a portion of a building."), *aff'd* 968 F.2d 12 (3d Cir. 1992).

So what reasons did the Department give for denying credits for the expenses associated with the 1975 additional build-out?

The Department's primary reason appears to be that the 1975 addition itself is less than 50 years old. The Kansas tax-credit program for historic buildings is managed jointly by the Department of Revenue and the Kansas Historical Society. Its tax-credit coordinator advised the Department in an email that "[a]nything over 50 years old is considered historic and contributing. So all but the 1975 and the new construction" would qualify. The Department apparently concluded, based on that email, that since the 1975 addition did nothing to contribute to the historic character of the building, expenses for the restaurant build-out within that 1975 addition shouldn't qualify for the historic-building tax credits.

But we find nothing in the Kansas statute or in the Internal Revenue Code supporting either this 50-year rule or authorizing split consideration of a "qualified historic structure" into one part that's more than 50 years old and another part that's not. The entire structure was a qualified historic structure and the expenditures were made under a qualified rehabilitation plan.

7

The Department also cited a federal regulation, 26 C.F.R. 1.48-12(b)(2)(iv)(2017), in the cross-motions for summary judgment. That regulation defines "[r]ehabilitation" as "renovation, restoration, or reconstruction of a building." The Department argued to the Board that the build-out of the 1975 addition for a modern restaurant wasn't really rehabilitation because "[s]urely [C]ongress did not intend to fund construction of modern spaces by allowing their owners to claim historic tax credits." But we are not here to speculate about the unspoken intentions of Congress; we must interpret a Kansas statute. Even if we apply the definition of rehabilitation from this federal regulation, the restaurant build-out work was renovation or reconstruction within the overall Broadview Hotel building, which is certified in its full footprint as a qualified historic structure.

The Department's other legal authority in the summary-judgment motions was a general rule that tax-exemption statutes are strictly interpreted in favor of imposing the tax and against allowing an exemption "for one who does not clearly qualify." *In re Tax Appeal of LaFarge Midwest*, 293 Kan. 1039, 1045, 271 P.3d 732 (2012). The Department argued that "[t]o allow credit for the 1975 addition would be an expansive interpretation of the statute and therefore inconsistent with the narrow construction that must be applied to tax credits."

But the Department did not cite statutory language supporting its position. Instead, much like its attribution of an unspoken Congressional intent, the Department ascribed to the Kansas Legislature an unspoken intent not to allow credits for work that doesn't preserve or restore the historic portions of a building:

> "The legislature intended to encourage owners and developers of historic buildings to preserve and restore the historic nature of the buildings—not to get state money for construction that, while related to a historic building, has no impact on its historic nature and no guarantee that the improvements will remain part of the building. Is it reasonable for the state to pay out tax credits intended to preserve historic structures on expenditures that did nothing of the sort?"

8

Once again, though, we find nothing in the statutory language our Legislature adopted to support the Department's position. Nothing in K.S.A. 2017 Supp. 79-32,211 suggests separate treatment for parts of an otherwise "qualified historic structure" based on when portions of the building were added. To the contrary, the definition of "qualified expenditures" references expenses made "in the restoration and preservation of a qualified historic *structure*." (Emphasis added.) K.S.A. 2017 Supp. 79-32,211(b)(1). And "qualified historic structure" means "any *building*" that meets certain criteria, including ones met here. K.S.A. 2017 Supp. 79-32,211(b)(2). The Legislature made no reference to parts of a structure or parts of a building.

This Kansas statute simply does not provide for separate consideration of newer portions of an otherwise qualified historic building. Nor is this a case in which the statute, as written, makes no sense. DSW Broadview apparently concluded, based on its substantial investment in the property, that the best way to keep the historic hotel building occupied by a hotel was both to renovate the hotel portions and to add a restaurant within the 1975 addition. The Legislature could have wanted to provide sufficient flexibility to allow needed investments in an entire building—the qualified historic structure—so that it would retain economic utility, not be left to deteriorate. In these circumstances, we cannot search out an unexpressed legislative intent to treat portions of a single structure as separate units under this tax-credit statute.

In sum, the parties presented a very limited issue to the Board of Tax Appeals. The key factual allegation put forward by the Department in support of its position was that DSW Broadview "constructed a non-historic restaurant in an existing non-historic 1975 addition to the historic structure." The Board of Tax appeals correctly determined that

> "no provisions in the pertinent Kansas Rehabilitation Tax Credit statute . . . allow for the
> picking and choosing of parts of a listed building eligible for qualified expenditures. . . .

9

> [The Department], essentially, is adding requirements that are not present in the statute:
> That the [credits] only apply to those portions of a qualified historical structure that are
> significant and at least 50 years old."

Since the basis the Department used to deny the tax credits wasn't supported by statute and there were no factual disputes about whether the underlying costs were qualified expenditures, DSW Broadview was entitled to the requested credits.

Although we have now resolved the issue before us on appeal, DSW Broadview's entitlement to the requested tax credits, we will close our opinion by briefly reviewing the action taken by the district court. Since we had a duty to review the case independently, without deference to the district court, its view of the issues ultimately does not affect our review here. Still, its views are a matter of public record, so we will briefly explain why we disagree with its conclusion.

The district court ruled in favor of the Department of Revenue, but it did so only because the court raised an issue that had not been raised by either party in their summary-judgment motions. The district court noted that the definition of "qualified rehabilitation expenditure" in the Internal Revenue Code, which is incorporated into the Kansas statute by reference, requires that the United States Secretary of the Interior certify the rehabilitation as "consistent with the historic character" of the property. See 26 U.S.C. § 47(c)(2)(2012). The district court said that the record before it didn't include a certification from the Secretary of the Interior, so the taxpayer hadn't met its burden to show that these were qualified expenditures.

But the Department had never claimed a failure by the Secretary of the Interior to certify this project. Had they done so, DSW Broadview could have provided that documentation. That it wasn't a contested matter is established by the Department of Revenue's approval of the tax credits unrelated to the work in the 1975 addition. All the

10

work was done as a single project in a single building, the Broadview Hotel building, a qualified historic structure.

DSW Broadview had actually provided evidentiary support—an affidavit from certified public accountant Michael Marsh—for its claim that all the expenditures met the requirements for qualified rehabilitation expenditures under 26 U.S.C. § 47(c)(2). He explained that he worked on DSW Broadview's application and had been working on tax-credit issues for historic buildings in many projects since 1984. Having established a basis for his knowledge about the DSW Broadview application and about the historic-building tax-credit program, Marsh swore that to the best of his knowledge, "all expenditures for which tax credits are being sought . . . meet the requirements of a 'qualified rehabilitation expenditure' pursuant to [Internal Revenue Code] § 47(c)(2)."

In addition, in response to the Department's summary-judgment motion, DSW Broadview noted that the work to be done within the 1975 addition had been approved by the National Park Service and had been certified as a certified rehabilitation. DSW Broadview attached a number of documents showing government approval, including one signed off on by a representative of the National Park Service in May 2011 certifying that "The National Park Service has determined that these project amendments meet the Secretary of the Interior's 'Standards for Rehabilitation.'" That meant the plan for the work had been approved. What's not in the record is a form that the Secretary of the Interior or his designee would have signed off on *after* the work was done certifying that the work had been completed as called for under the approved plan.

In its summary-judgment response to DSW Broadview's claim that all the expenditures met the requirements for qualified rehabilitation expenditures under the Internal Revenue Code, the Department said that it didn't concede this point. But the Department neither offered any contrary evidence nor suggested any problem with certification by the Secretary of the Interior:

11

"This is the issue to be decided, not a statement of fact. Therefore, it is controverted. Not all capital expenditures for which DSW is seeking historic tax credit are 'qualified expenditures' pursuant to the statute. The expenditures at issue here were determined by the KDR to be unqualified."

As for why the Department determined those expenditures "to be unqualified," the Department said elsewhere in its response to the taxpayer's motion for summary judgment that its denial had been because "[t]he KDR, in following the Kansas Historical Society's guidance, determined that expenditures on a historically insignificant addition to the hotel do not constitute qualified expenditures for purposes of historic tax credits."

So the only evidence in the record showed that the expenditures *were* qualified expenditures under the Internal Revenue Code. The Marsh affidavit said so directly, and documents showing government approval of the renovation plan supported the conclusion as well. So long as the work was carried out according to the plan, something the Department hasn't challenged, the expenditures would have qualified.

Even so, the district court found the Marsh affidavit insufficient because Marsh was "not referenced as the Secretary of the Interior or the Secretary's Designee." But he didn't need to be the Secretary to provide evidence in the case. His affidavit presented his qualifications as an expert witness—a certified public accountant who had substantial experience with these historic-building tax credits. Even in civil trials, an expert witness can give an opinion about one of the ultimate factual issues to be decided by the trier of fact. See K.S.A. 2017 Supp. 60-456(d). Thus, the evidence in the record, which wasn't controverted by contrary evidence, supported DSW Broadview's claim.

The key point about the district court's ruling, though, is that it raised an issue not raised by the parties. The Department *never* challenged the certification either in its

administrative denial of the tax credits, in its summary-judgment motion to the Board of Tax Appeals, or in its briefing before the district court. While a district court can enter summary judgment on its own motion on an issue not raised by the parties, it must give notice and an opportunity to respond to the party against whom summary judgment might be entered. See 10A Wright, Miller & Kane, Federal Practice and Procedure § 2720.1 (4th ed. 2016) (noting that the parallel Federal Rule of Civil Procedure had been so interpreted to allow sua sponte summary-judgment rulings—but only with notice and an opportunity to respond—even before a 2010 amendment making this rule explicit). The district court gave no notice to DSW Broadview that the court was considering granting summary judgment on a basis not raised by either party.

We conclude that our proper role on appeal is to consider the issues joined by the parties' cross-motions for summary judgment. That's where the parties presented all the evidence and where they determined the issues.

The Department of Revenue does try in its appellate brief to support the district court's ruling. We will discuss two of the points it made there.

First, the Department seeks to negate the Marsh affidavit altogether by noting that he said his conclusion was "[t]o the best of [his] knowledge and belief." The Department then cites a Georgia case for the proposition that an affidavit based on the best of a person's knowledge and belief can be ignored as if it were an unsworn allegation with no established basis of knowledge. See *Hodges v. Putzel Electric Contractors, Inc.*, 260 Ga. App. 590, 595-96, 580 S.E.2d 243 (2003). Here, though, the Department didn't make that challenge to Marsh's affidavit either before the Board of Tax Appeals or the district court, and Marsh showed a basis for his knowledge as a certified public accountant who had worked on DSW Broadview's tax-credit application.

13

Second, the Department cites several federal regulations that it suggests support its view that expenses fixing up a recent addition to a historic building shouldn't count as a qualified expenditure. Some of the regulations provide standards for rehabilitation that the Secretary of the Interior must consider to determine whether a project qualifies for certification. See, e.g., 36 C.F.R. 67.7(b)(2017). But there is no real dispute here about the certification, as we have explained, and that issue was not raised by the Department in the competing summary-judgment motions.

The Department cites another regulation, 26 C.F.R. § 1.48-12, which says in one part, "Such additions, however, shall not be treated as part of the qualified rehabilitated building." 26 C.F.R. § 1.48-12(b)(4)(ii). Based on that, the Department argues that "the 1975 addition should not be considered part of the Broadview for purposes of the federal rehabilitation credit." But the sentence the Department cites is taken out of context—the provision doesn't apply when a building has been designated a certified historic structure, as the Broadview Hotel has been. The sentence the Department emphasized from this regulation applies to buildings placed in service before 1936 only "in the case described in paragraph (b)(4)(i)(A) of this section." 26 C.F.R. § 1.48-12(b)(4)(ii). But paragraph (b)(4)(i)(A) provides that this section applies only to "a building other than a certified historic structure." 26 C.F.R. § 1.48-12(b)(4)(i)(A). So the provision the Department cites doesn't apply to the Broadview Hotel. We find nothing in the regulations cited by the Department that changes the statutory analysis we have set out in this opinion.

The judgment of the district court is reversed. The decision of the Board of Tax Appeals is affirmed.