A93A2061. BAILEY v. CHASE THIRD CENTURY LEASING COMPANY, INC.
(438 SE2d 172)

BIRDSONG, Presiding Judge.
Gregory T. Bailey appeals the grant of summary judgment to Chase Third Century Leasing Company, Inc., in Chase's suit against Bailey "individually and d/b/a Viva International, Inc." for debt on two office equipment leases, including computers and furniture. Summary judgment was granted to Chase against Bailey after the trial court denied Bailey's motion to withdraw admissions which resulted from his untimely answer denying those requests for admission. See OCGA § 9-11-36 (a) (2).

Bailey contends the trial court erroneously denied his motion to withdraw admissions on grounds that Bailey is an attorney and should have known the consequences of failure to answer requests for admission. However, although the trial court found those facts signifi-

cant, the trial court also found "[Bailey] has not demonstrated that the merits of the action would be subserved by allowing the withdrawal of the responses."

The admissions which Bailey sought to withdraw are that Viva International, Inc. is a Georgia corporation; that the two leases provide Bailey's business address as Viva International's address; that the equipment was delivered to Bailey's address; that Bailey corresponded with Chase regarding payments due under the leases and submitted partial payments; that Viva is Bailey's trade name, agent or alter ego; that Bailey does business under the name "Viva"; that Bailey and Viva owe Chase certain sums for payments, late fees, attorney fees and interest; that Bailey ratified Viva's acts in entering the second lease; that Bailey has possession of the equipment leased; and that Chase owns the equipment which Bailey converted to his own use.

Bailey's name does not appear in either lease document. The two leases were executed by "A. W. Satterfield" for Viva International, Inc., at an Atlanta office address; the record as cited to us does not resolve the identity of this individual or his connection to Bailey or to Viva. In his answer to the lawsuit, Bailey denied that he executed either lease, denied doing business as Viva International, denied that he leased the equipment from Chase, and denied that any equipment in his possession belongs to Chase. In his affidavit in support of his motion to withdraw admissions, Bailey says he did not, individually or for Viva, enter any lease with Chase; that not all of the items listed were delivered by or obtained from Chase; that he does not do business as Viva nor is it his trade name, agent or alter ego; that he has some of the items leased by Viva in his possession and tried to arrange with Chase to pay "for the items that I have retained pursuant to the leases"; that most of the items were purchased by Bailey or his firm prior to execution of the leases by Viva; and that he was current with payments for all items he tried to assume under the leases. *Held*:

1. OCGA § 9-11-36 (b) provides that the court may permit withdrawal (1) when the presentation of the merits of the action will be subserved thereby and (2) the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits. See *Cielock v. Munn*, 244 Ga. 810 (262 SE2d 114). Preservation of the merits of the case is subserved by withdrawal of the admissions. In the face of Bailey's sworn affidavit and other evidence, these admissions create more questions than answers. Admissions created by the failure of a timely denial do not automatically entitle a party to summary judgment because they do not necessarily resolve disputes created by sworn testimony. They do not stand on higher footing than other evidence and do not negate all other evidence in the case.

Secondly, Chase has not shown how withdrawal of the admissions will prejudice it in maintaining its actions on the merits. See *Alexander v. H. S. I. Mgmt.*, 155 Ga. App. 116 (270 SE2d 325). Merely being deprived of judgment or being forced to go to trial is not such prejudice as will prevent withdrawal of admissions. *Moore Ventures Ltd. Partnership v. Stack*, 153 Ga. App. 215 (264 SE2d 725). If matters "admitted" are in fact false, and if Bailey, having contradicted his admissions by sworn affidavit and other admissible evidence, can demonstrate the falseness of the admissions as he says he can do, the merits of the case are preserved by withdrawal of the admissions. Chase has no right to a judgment based on *false* "admissions" effected merely because appellant was late in answering the requests for admission, for such false admissions do not subserve the merits.

Chase contends Bailey may get his admissions withdrawn only if he proves that either the admissions can be refuted by admissible evidence having a modicum of credibility or the admissions are incredible on their face, and the denial is not offered solely for purposes of delay. *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d 198); *Intersouth Prop. v. Contractor Exchange*, 199 Ga. App. 726 (405 SE2d 764). Bailey's sworn affidavit and his other evidence are not per se incredible. They raise issues of fact whether he does business as Viva and what equipment was actually leased to, delivered to and not paid for by Bailey. Since the leases do not bear his name, it does not serve the merits of the case to ignore his sworn affidavits in preference for admissions effected only by the technicality of a tardy pleading. The denial of Bailey's motion to withdraw the admission was error, and the summary judgment based on the admissions was error.

2. Moreover, there are material issues of fact as to what equipment was actually leased and delivered to Viva and whether Bailey assumed an obligation to pay for some of it or had paid for some of it. Self-contradictory evidence of a respondent on motion for summary judgment is construed against him *unless it is reasonably explained. Gentile v. Miller, Stevenson &c.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). If the admissions, as Bailey contends, are in fact untrue, the only "reasonable explanation" for the "facts" (and contradictions) created by them is simply that Bailey neglected to answer the requests for admissions on time. It therefore cannot be said those "facts" cannot be reasonably explained. The leases on their face show they were not executed by Bailey. Adjudging the evidence in favor of the respondent on motion for summary judgment (see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), we conclude there are issues of material fact raised by Bailey's sworn affidavit and other evidence, as to whether he is Viva and whether all the equipment listed was delivered and is in his possession or control.

Therefore, even assuming the trial court correctly denied Bailey's request to withdraw admissions, these admissions do not alone entitle Chase to summary judgment.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Giddens, Davidson & Mitchell, Earl A. Davidson*, for appellant.
*Bisbee, Rickertsen & Herzog, Diane V. Roggen, William A. Dupre IV, Brad A. Baldwin*, for appellee.