**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 24, 2015**

# In the Court of Appeals of Georgia

A15A1412. PARHAM v. WELDON.

MILLER, Judge.

After a default judgment was entered against Gerald Parham as to his liability for failing to restore Preston Weldon's classic vehicle, Parham failed to respond to Weldon's requests for admissions regarding damages. Parham subsequently moved to withdraw his admissions. The trial court denied Parham's motion to withdraw admissions and then granted summary judgment to Weldon on the issues of damages and attorney fees. Parham appeals, contending that the trial court erred in denying his motion to withdraw admissions and in granting summary judgment. Since the trial court applied the wrong standard of review in analyzing Parham's motion to withdraw his admissions, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant.

(Citations omitted.) *Patel v. Columbia Nat. Ins. Co.*, 315 Ga. App. 877 (729 SE2d 35) (2012).

So viewed, the record shows that in October 2011, Weldon hired Parham, who operates a body shop known as "North Georgia Custom Paint & Body," to restore and paint his 1969 Ford Bronco at a negotiated price of $9,470. Weldon paid Parham in full in December 2011, at which time Parham assured Weldon that the restoration was near completion. Parham failed to complete the restoration work and allowed the vehicle to become rusted and dented. When Weldon went to retrieve his vehicle in September 2013, Parham asked Weldon to sign a release for liability for any damage arising from his custody of the vehicle and failure to complete the restoration. Weldon refused to sign the release, and Parham refused to relinquish the vehicle.

Weldon then filed the instant lawsuit, and he also petitioned for a temporary restraining order ("TRO") requesting that the trial court order Parham to return the vehicle. Parham did not respond Weldon's complaint or to his TRO petition. The trial court ordered Parham to return the vehicle to Weldon, and entered a default judgment

2

against Parham as to his liability because he failed to file an answer. The trial court indicated that the issue of damages would be determined at a subsequent hearing.

In March 2014, Weldon served Parham with a request for admissions, seeking admissions that, inter alia, the parties agreed that the restoration work would cost $9,470; Weldon paid the full negotiated price; Parham never asked for additional payment to complete the restoration; Parham's actions caused the vehicle to become dented and rusted; the vehicle has no fair market value in its present condition, whereas it had a fair market value of $26,000 prior to being left with Parham; and Weldon owed $4,707.50 in attorney fees.

On May 9, 2014, Weldon moved for summary judgment, arguing that Parham conceded the amount of damages by failing to respond to his request for admissions. On June 11, 2014, Parham filed a verified motion to withdraw his admissions, specifically responding to several requests for admissions. In his verified motion, Parham averred that Weldon changed the scope of the restoration work, which increased the original estimate of $9,470; Parham asked for more money to complete the additional work; Weldon refused to pay for the additional work; Parham did not dent the vehicle or cause it to rust; Parham performed the restoration work to the best of his ability; and the vehicle's market value was greater than zero.

3

In October 2014, the trial court denied Parham's motion to withdraw his admissions, finding that Parham failed to support his general denials with an affidavit or any other evidence that might be admitted at trial. On November 25, 2014, Parham subsequently filed a second motion to withdraw admissions and included a supporting affidavit. In early December, the trial court granted summary judgment to Weldon without expressly ruling on Parham's second motion to withdraw admissions. This appeal followed.

1. On appeal, Parham argues that the trial court erred in denying his motion to withdraw admissions based on the failure to attach an affidavit because his verified motion, which contained sworn statements, was the equivalent of an affidavit. We agree.

> When requests for admission are made, the matter is deemed admitted unless denied by written answer in a timely manner. Under OCGA § 9-11-36 (b), the trial court is vested with broad discretion to permit withdrawal of an admission made by reason of the failure to make a timely response to the request. On appellate review, the trial court's ruling on this issue may be reversed only upon a showing of abuse of discretion.

(Punctuation and footnotes omitted.) *Velasco v. Chambless*, 295 Ga. App. 376 (1) (671 SE2d 870) (2008).

A trial court may permit withdrawal of admissions if both: (1) the presentation of the merits of the action will be subserved by the withdrawal; and (2) the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits. See *Brankovic v. Snyder*, 259 Ga. App. 579, 580 (578 SE2d 203) (2003). In order to show that the presentation of the merits of this case would be subserved by the withdrawal, Parham needed to establish that

> the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court in the motion to withdraw had not been offered solely for purposes of delay.

(Citations and punctuation omitted.) *Fox Run Properties, LLC v. Murray*, 288 Ga. App. 568, 570-571 (1) (654 SE2d 676) (2007).

Here, the trial court denied Parham's motion to withdraw admissions on the ground that his motion was not accompanied by an affidavit or any other admissible evidence having a modicum of credibility. Parham's motion, however, was verified. As a result, Parham's verified motion was both pleading and evidence, and could serve as the functional equivalent of an affidavit, which was sufficient to raise an issue of fact. See *Rolland v. Martin*, 281 Ga. 190, 191 (637 SE2d 23) (2006). We

5

cannot say that Parham's verified motion is per se incredible. Thus, the trial court erred in concluding that there was a complete absence of admissible evidence having a modicum of reliability. See *Bailey v. Chase Third Century Leasing Co.*, 211 Ga. App. 60, 62 (1) (438 SE2d 172) (1993). Since the trial court's denial of Parham's verified motion to withdraw admissions was based on an erroneous view of the law, the trial court abused its discretion in denying Parham's motion on this ground.[1] See *Watson v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (1) (189 SE2d 66) (1972) (a ruling of the trial court which is within the court's discretion will be reversed where it "is based upon an erroneous view of the law"); *Mathis v. BellSouth Telecommunications*, 301 Ga. App. 881 (690 SE2d 210) (2010) (trial court abuses its discretion when its ruling misstates or misapplies the relevant law).

2. Since the trial court erred in denying Parham's motion to withdraw admissions, it was also error to grant summary judgment based on those admissions. See *Bailey*, 211 Ga. App. at 62 (1). Accordingly, we reverse.

---

[1] Our ruling does not preclude the trial court from denying Parham's motion to withdraw his admissions on other grounds, because the trial court has the discretion to deny withdrawal if it determines that the withdrawal of the admissions will not advance the presentation of the merits of the action *or* that the party who obtained the admissions will be prejudiced by the withdrawal. See *Neal v. State Farm Fire & Casualty Co.*, 300 Ga. App. 68, 69 (684 SE2d 132) (2009).

*Judgment reversed. Andrews, P. J., and Branch, J., concur.*