**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 27, 2018**

# In the Court of Appeals of Georgia

A18A0657. BURTON v. ECI MANAGEMENT CORPORATION.

MCFADDEN, Presiding Judge.

This appeal is from an order granting a defense motion for summary judgment and denying plaintiff's motion to withdraw admissions. Because there are no genuine issues of material fact as to an essential element of plaintiff's claim and the trial court did not abuse its discretion in denying the motion to withdraw admissions, we affirm.

"On appeal from the grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Bank of America, N. A. v. Cuneo*, 332 Ga. App. 73, 74 (770 SE2d 48) (2015) (citation and punctuation omitted). So viewed, the evidence shows that on September 29, 2015, Georgean

Burton, a resident of The Columns of White Oaks Apartments in Newnan, requested that the stove in her apartment be repaired. That same day, a maintenance employee at the complex made repairs to the stove in Burton's apartment. After the repairs were complete, Burton turned on the stove to bake something. A few minutes later, Burton opened the stove door and a cloud of thick smoke billowed out of the stove. Burton reported the smoke to apartment management. The maintenance employee returned to the apartment and found that a piece of rubber or plastic had fallen off his wire cutters into the broiler area of the stove and had caused the smoke.

On June 23, 2016, Burton filed a complaint against ECI Management Corporation d/b/a The Columns of White Oaks Apartments, claiming that the maintenance employee had left a pair of pliers in the broiler area of the stove and that she had suffered damages as a result of inhaling the smoke from the stove. ECI answered the complaint and, on August 17, 2016, served Burton with discovery requests. The discovery materials included requests that Burton admit that she had no evidence that ECI had actual or constructive knowledge of the alleged pliers in the stove, that she had no evidence that ECI had superior knowledge of the alleged hazardous condition, and that she had seen the pliers in the broiler area of the stove prior to the smoking stove incident. Burton did not respond to the discovery requests.

On October 5, 2016, ECI notified Burton in writing that her discovery responses were overdue; requested that she provide responses by October 15; and indicated that it would file a motion seeking all available remedies if the responses were not received by that date. Burton did not submit her responses to the discovery requests until October 21, 2016.

On January 17, 2017, ECI filed a motion for summary judgment on the basis that Burton was deemed to have admitted, due to her failure to timely respond to the requests for admissions, that ECI had no actual or constructive knowledge of the alleged hazardous condition, that ECI had no superior knowledge of the alleged hazard, and that she herself had seen the alleged pliers in the broiler area of the stove prior to the smoke incident. On February 24, 2017, Burton filed a motion to withdraw or amend her deemed admissions. After a hearing, the trial court entered an order on June 9, 2017, denying Burton's motion to withdraw her admissions and granting ECI's motion for summary judgment. Burton appeals.

1. *Jurisdiction.*

As an initial matter, we note that contrary to ECI's arguments in its appellate brief, this court has jurisdiction over this appeal. Because the last day to file a notice of appeal from the trial court's June 9, 2017 summary judgment order fell on Sunday

3

July 9, 2017, Burton had until the next Monday, July 10, 2017, to file her appeal. See OCGA §§ 1-3-1 (d) (3) & 9-11-6 (a). Burton did not file a notice of appeal by that date, but did file an application for discretionary appeal on July 10, 2017. She also filed a notice of appeal on July 13, 2017.

With regard to Burton's application for discretionary appeal, no such application was necessary as the trial court's grant of summary judgment to ECI was directly appealable. See OCGA § 5-6-34 (a) (1), (d); *Southeast Ceramics v. Klem*, 246 Ga. 294, 294-295 (1) (271 SE2d 199) (1980). Because the order was subject to direct appeal and Burton had initiated her appeal by filing an otherwise timely discretionary application, this court granted the application pursuant to OCGA § 5-6-35 (j). The order granting the application was issued on August 1, 2017, and directed Burton to file a notice of appeal within 10 days of the order. As noted above, Burton had already filed a notice of appeal on July 13, 2017. She also filed an untimely amended notice of appeal on August 24, 2017. But that amended notice was unnecessary as the prematurely filed July 13 notice of appeal ripened into a timely notice of appeal upon this court's granting of the discretionary application. See *Wright v. Wright*, 300 Ga. 114, 115 (1) (793 SE2d 96) (2016) (1); *Todd v. Todd*, 287 Ga. 250, 253 (1) (703 SE2d 597) (2010); *Mixon v. Mixon*, 278 Ga. 446 (1) (603 SE2d 287) (2004); *Wannamaker*

4

*v. Carr*, 257 Ga. 634, 635 (1) (362 SE2d 53) (1987). Accordingly, the appeal is properly before this court.

2. *Motion to withdraw admissions.*

Burton contends that the trial court erred in denying her motion to withdraw admissions. We disagree.

Because Burton did not respond or object to ECI's requests for admissions within 30 days after service of the requests, the subject matter of each request was deemed admitted under OCGA § 9-11-36 (a) (2). See *Ikomoni v. Executive Asset Managment*, 309 Ga. App. 81, 83 (1) (709 SE2d 282) (2011). "[M]atters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." *Fulton County v. SOCO Contracting Co.*, 343 Ga. App. 889, 896 (2) (808 SE2d 891) (2017) (citation and punctuation omitted).

> Under OCGA § 9-11-36 (b), the trial court is vested with broad discretion to permit withdrawal of an admission made by reason of the failure to make a timely response to the request. On appellate review, the trial court's ruling on this issue may be reversed only upon a showing of abuse of discretion. A trial court may permit withdrawal of admissions if both: (1) the presentation of the merits of the action will be subserved by the withdrawal; and (2) the party who obtained the

5

admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits. In order to show that the presentation of the merits of this case would be subserved by the withdrawal, [the movant must] establish that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay.

*Parham v. Weldon*, 333 Ga. App. 744, 746 (1) (776 SE2d 826) (2015) (citations and punctuation omitted). "If the movant satisfies the court on the first prong, the burden is on the respondent to satisfy the second prong. Both prongs must be established, pursuant to the standard provided in OCGA § 9-11-36 (b)." *Fulton County*, supra at 897 (2) (a) (citation and punctuation omitted).

In this case, the trial court denied Burton's motion to withdraw admissions by finding both that she had failed to satisfy the first prong and that ECI had shown under the second prong that it would be prejudiced by withdrawal. While we find that the trial court erroneously concluded that Burton had not satisfied the first prong, we find no error in the trial court's finding that ECI showed prejudice under the second prong.

(a) *Credible evidence refuting admissions.*

6

With regard to the first prong, Burton asserts that an incident investigation report made by ECI, which stated that the maintenance worker found a piece of rubber or plastic from his tool in the broiler after the incident, is credible evidence refuting her admissions that she had no evidence that ECI had superior knowledge of the alleged hazard and that she had seen the alleged pliers in the boiler area of the stove prior to the incident. But the report was made after the incident and merely states a finding as to the cause of the smoke; it does not indicate any prior knowledge of ECI that the tool piece had fallen into the broiler, nor does it address Burton's own knowledge of the hazard prior to using the stove. Thus, the trial court did not abuse its discretion in finding that the incident report did not refute Burton's admissions.

However, Burton also points to her own affidavit, in which she swore that after the maintenance worker told her the repairs were finished, she turned on the oven to preheat it and "did not inspect the broiler area of the oven, since [she] had no immediate intentions of using it." Although Burton cited this affidavit testimony in support of her motion to withdraw admissions, the trial court failed to address it in its order or make any findings as to the credibility of such evidence. See *Bailey v. Chase Third Century Leasing Co.*, 211 Ga. App. 60, 61-62 (1) (438 SE2d 172) (1993) (trial court abused its discretion by denying a motion to withdraw admissions in the

7

face of a sworn affidavit that cast doubt on the veracity of the admissions). If credible, such evidence casts doubt on the admission concerning Burton's knowledge of the hazard. "We cannot say that [Burton's affidavit] is per se incredible. Thus, the trial court erred in concluding that there was a complete absence of admissible evidence having a modicum of reliability. . . [and] the trial court abused its discretion in denying [Burton's] motion on this ground." *Parham*, supra at 746-747 (1) (citations omitted).

(b) *Prejudice.*

As for the second prong – whether ECI would be prejudiced by allowing withdrawal of Burton's admissions – the trial court found that Burton had waited until after the discovery period was closed to file her motion to withdraw. The court further found that ECI had shown that in reliance on Burton's admissions, it had not pursued certain discovery procedures, such as taking depositions, retaining experts, and conducting an independent medical examination. The court thus concluded that because Burton "did not move to withdraw her admissions until after the discovery period had closed and [ECI's] ability to alter or amend its defense strategy through employing additional discovery techniques was foreclosed[,]" ECI would be

8

prejudiced by withdrawal like the defendant in *Marlowe v. Lott*, 212 Ga. App. 679 (442 SE2d 487) (1994).

In that case, a trial court's denial of a motion to withdraw admissions was upheld on the basis that even if the court had applied the wrong standard on the first prong, the court had properly found on the second prong that "the defendant [had] relied on the admissions to his detriment by not completing discovery and being precluded from doing so" since the discovery period had closed. Id. at 681 (2). Based on the trial court's similar findings in the instant case, we cannot say that the court abused its discretion in determining that ECI had satisfied its burden of showing that the defense would be prejudiced by allowing withdrawal. "We will not disturb the trial court's ruling on a motion to withdraw admissions absent a showing of abuse of discretion." *Howard v. Alegria*, 321 Ga. App. 178, 187 (3) (739 SE2d 95) (2013) (citation and punctuation omitted). Accordingly, the trial court's denial of the motion to withdraw is affirmed. See *Marlowe*, supra (a proper finding on either the first or second prong of the withdrawal test will support the ruling by a trial court not to allow withdrawal of admissions).

3. *Summary judgment.*

9

Burton contends that the trial court erred in granting summary judgment to ECI. But in light of Burton's admissions establishing that ECI did not have superior knowledge of the alleged hazard, we disagree.

> Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' OCGA § 9-11-56 (c). Thus, to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (697 SE2d 779) (2010) (citations and punctuation omitted).

Here, ECI discharged its burden by pointing to Burton's admissions – that ECI had no actual or constructive knowledge of the alleged hazardous condition, that ECI had no superior knowledge of the alleged hazard, and that she herself had seen the

alleged tool in the broiler area of the stove prior to the incident – as negating the essential element of her claims that ECI had superior knowledge of the alleged hazardous condition created by the tool or part of the tool in the broiler area of the stove prior to the incident. See *Forest Cove Apartments v. Wilson*, 333 Ga. App. 731, 734 (776 SE2d 664) (2015) (true ground of liability is defendant's superior knowledge of the hazardous condition). Thus, Burton was required to point to specific evidence giving rise to a triable issue on this essential element of superior knowledge. But she has failed to do so. She did point to the investigation report created after the incident, contending that it is evidence of ECI's superior knowledge of the hazard. But the report indicated that a piece of a tool which had fallen into the broiler was discovered after the incident, it provides no evidence of superior knowledge of ECI prior to the incident. Because there is no genuine issue of material fact as to the essential element of superior knowledge of the hazard, the trial court correctly granted summary judgment to ECI. See *Herrin v. Peeches Neighborhood Grill & Bar*, 235 Ga. App. 528, 531 (1) (509 SE2d 103) (1998) (plaintiff must present evidence that the defendant had superior knowledge of the hazard, or else suffer summary judgment).

*Judgment affirmed. Ray and Rickman, JJ., concur.*

11