**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 16, 2026**

# In the Court of Appeals of Georgia

A25A1987. AMERICAN TIRE DISTRIBUTORS, INC. v. BROADNAX.

WATKINS, Judge.

Ian Broadnax filed a premises liability action against American Tire Distributors, Inc. ("ATD"). ATD failed to timely answer the complaint or respond to Broadnax's requests for admission. After denying ATD's motion to withdraw the statutory admissions,[1] the trial court granted Broadnax's motion for summary judgment as to liability, then denied as moot ATD's motion to open default. On appeal, ATD argues, inter alia, that the trial court abused its discretion in denying its motion to withdraw admissions. We agree and, for the reasons set forth below, reverse and remand for the trial court to consider ATD's motion to open default.

---

[1] See OCGA § 9-11-36(a)(2), (b).

The relevant procedural history and deadlines are not in dispute. On February 5, 2024, Broadnax sued ATD, alleging that he was working as an invitee on ATD's premises when an insect bit him. According to Broadnax, ATD's negligence in failing to keep the premises safe and in failing to warn invitees of hazardous conditions proximately caused his injuries and damages.

Broadnax served the complaint and discovery requests, including requests for admission, on ATD on February 6, and filed an affidavit of service on February 14. Thus, ATD's answer to the complaint was due on or before March 15, 2024,[2] and its responses to the requests for admission were due by March 22, 2024, 45 days from service.[3]

On April 8, 2024, after ATD failed to file a timely answer or open default as a matter of right,[4] Broadnax filed a motion for default judgment. Broadnax also filed a motion for partial summary judgment on the ground that ATD had admitted each of

---

[2] See OCGA §§ 9-11-4(h); 9-11-12(a).

[3] See OCGA § 9-11-36(a)(2).

[4] ATD had until Monday, April 1 (15 days from the day of default) to file a motion to open default as of right. See OCGA § 9-11-55(a); see also OCGA §§ 9-11-6(a); 1-3-1(d)(3) (computation of time).

the prima facie elements of his claims because it had failed to timely respond to Broadnax's requests for admissions and made no effort to withdraw the admissions.[5]

A week later, ATD filed a motion to open default under OCGA § 9-11-55(b) and a motion to withdraw admissions. In support of its motion to open default, ATD attached an affidavit of "Julien Polk, Associate General Counsel at [ATD]," who acknowledged that the complaint and accompanying materials had been served on ATD on February 6. Polk stated that the documents were forwarded to him in PDF format on February 9, 2024, but he did not realize that the PDF contained a civil complaint and associated discovery requests. He explained that the PDF was titled "Notice of Citation" and acknowledged that he failed to verify its contents. Based on this misnomer and through mistake and inadvertence, Polk did not ascertain that ATD had been served and he did not contact outside counsel until April 12, when he received a copy of the motion for default judgment. In the affidavit, Polk also responded to the allegations on the merits.[6]

---

[5] See OCGA § 9-11-36(a)(2).

[6] See Division 1, infra.

The trial court denied the motion to withdraw admissions, finding that, although Polk's affidavit "may be sufficient" to establish that default should be opened, it did not constitute admissible evidence that the merits of the case would be subserved by withdrawal of the admissions, with a modicum of credibility. Therefore, in the court's view, ATD "d[id] not offer any supporting documentation to refute the admissions." The court thus granted Broadnax's motion for partial summary judgment, reasoning that "[w]ithout any rebuttal evidence by [ATD], there are no genuine issues of material fact, and [Broadnax] is entitled to a liability judgment as a matter of law." Based on this ruling, the trial court denied as moot Broadnax's motion for default judgment and ATD's motion to open default. This appeal follows.

1. In related claims of error, ATD argues that the trial court erred in denying ATD's motion to withdraw admissions and in granting Broadnax's motion for partial summary judgment.[7]

---

[7] See generally *Adewumi v. Amelia Grove/Ashland Park Homeowners Assn.*, 337 Ga. App. 275, 278(2) (787 SE2d 761) (2016) ("[W]here a party fails to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party is entitled to a grant of its motion for summary judgment.") (citation and punctuation omitted).

According to ATD, the trial court erroneously distinguished ATD's in-house counsel and ATD and thus abused its discretion in denying ATD's request to withdraw admissions. Specifically, ATD contends that Polk was speaking on behalf of ATD as its agent; therefore, his affidavit constituted admissible evidence on ATD's behalf.

> Unquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request. However, although OCGA § 9-11-36 provides that any matter admitted under the statute is "conclusively established," the statute also expressly authorizes the court to permit withdrawal or amendment of the admission and vests broad discretion in the trial court in this regard.[8]

Under OCGA § 9-11-36(b), "[a] trial court may permit withdrawal of admissions if both: (1) the presentation of the merits of the action will be subserved by the withdrawal; and (2) the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits."[9]

---

[8] *Ledford v. Darter*, 260 Ga. App. 585, 587(1) (580 SE2d 317) (2003) (citations and punctuation omitted).

[9] *Parham v. Weldon*, 333 Ga. App. 744, 746(1) (776 SE2d 826) (2015) (citation and punctuation omitted).

The first prong of the test is not perfunctorily satisfied. The burden on the movant is to show the presentation of the merits will be subserved thereby, and the desire to have a trial, standing alone, is not sufficient to satisfy the test. The first inquiry is who will have the burden of proof at trial on the subject matter of the request for admission. If the burden of proof on subject matter of the request will be on the movant, the movant is required to show that the proffered denial of the request can be proved by admissible evidence having a modicum of credibility, and the denial is not offered solely for purposes of delay.[10]

The trial court did not address the first inquiry: "who will have the burden of proof at trial on the subject matter of the request for admission." To the extent that it was ATD, it had the burden to show that the presentation of the merits would be subserved by allowing ATD to withdraw its admissions; if it satisfied that burden, the burden would shift to Broadnax (as the non-movant) to show that he would be prejudiced if ATD was permitted to withdraw its admissions.[11]

---

[10] *Intersouth Props., Inc. v. Contractor Exch., Inc.*, 199 Ga. App. 726, 727-28(1) (405 SE2d 764) (1991).

[11] See *Turner v. Mize*, 280 Ga. App. 256, 257(1) (633 SE2d 641) (2006); see also *Carter v. VistaCare, LLC*, 335 Ga. App. 616, 625(4)(a) (782 SE2d 678) (2016) (reversing denial of motion to withdraw admissions where trial court erroneously placed the burden of showing a lack of prejudice on the movant).

We review the trial court's ruling on a motion to withdraw admissions for abuse of discretion.[12] However, a trial court abuses its discretion when its ruling misstates or misapplies the relevant law.[13]

In this case, the trial court found that ATD failed to meet its burden under the first prong. Specifically, the court found:

> While [the reason given for the missed deadline] may be sufficient to support a proper case for opening default, and Defendant's *counsel's* Affidavit denying negligence and liability with supporting facts lays out a meritorious defense, *Defendant* has not put forward any admissible evidence to show that the merits of this action would be subserved by withdrawal of the admissions, with a modicum of credibility.

The trial court's emphasis on the distinction between Polk and ATD is not legally correct. Polk testified in his affidavit, that he was "authorized and competent to execute th[e] affidavit on behalf of [ATD]" and that he made the statements in the affidavit "based upon his personal knowledge, [his] conversations with knowledgeable

---

[12] See *Fulton County v. SOCO Construction Co., Inc.*, 343 Ga. App. 889, 897(2) (808 SE2d 891) (2017).

[13] See *Ferriero v. Progressive Premier Ins. Co.*, 376 Ga. App. 619, 620(2) (920 SE2d 478) (2025).

employees, and [his] review of documents, records, and data compilations made and kept in the regular course of the business activities of [ATD]."

After explaining the reasons for ATD's delay both in answering the complaint and responding to the requests for admission, Polk's affidavit addressed the merits of the case. Polk attested that: ATD had "robust internal safety processes," had no reason to know of insects on the premises, and had no reason to warn Broadnax of the insect. Further, ATD's employees routinely cleaned the premises, which were subject to periodic pest control services and were kept in a clean and sanitary condition at all times.

The trial court did not cite — and we have not found — any authority that the affidavit of ATD's *in-house* counsel, based on his personal knowledge and executed on behalf of ATD, is insufficient to raise an issue of fact under OCGA § 9-11-36(b). And, it is axiomatic that a corporation, as an artificial person, can act only through its agents.[14] The fact that the affidavit referred both to Polk's and ATD's actions and knowledge (with regard to the reason given for the missed deadline) does not negate

---

[14] See *Eckles v. Atlanta Tech. Group*, 267 Ga. 801, 803(2) (485 SE2d 22) (1997).

the evidentiary value of the statements made with respect to ATD's meritorious defense.

There is no indication in the affidavit that Polk intended to serve both as a testifying witness and as an advocate if the court allowed ATD to withdraw its admissions. Instead, he testified that he immediately retained outside counsel upon learning of Broadnax's lawsuit. Polk's statement that he would "actively participate in the adjudication of this matter" is simply not sufficient to disregard his affidavit.[15]

---

[15] The cases that the dissent relies upon have no bearing here. See *McLaughlin v. Payne*, 295 Ga. 609 (761 SE2d 289) (2014) (affirming grant of habeas relief where the district attorney had testified as a fact witness in the criminal trial after identifying himself as the district attorney and the examining prosecuting attorney as his assistant); *Castell v. Kemp*, 254 Ga. 556, 558 (331 SE2d 528) (1985) (improper for defendant's trial attorney to represent him in habeas proceeding that included allegations of ineffective assistance of trial because virtually all the evidence of ineffective assistance of counsel was within the attorney's personal knowledge). The dissent also references the trial court's "gatekeeping role," citing to *Robles v. Yugueros*, ignoring that *Robles* addressed the admissibility of expert testimony. See 343 Ga. App. 377, 380(1) (807 SE2d 110) (2017) ("[T]he trial court's role of gatekeeper *under OCGA § 24-7-702* is not extinguished simply because deposition testimony, including expert testimony, is secured under OCGA § 9-11-30(b)(6).") (citation and punctuation omitted; emphasis added).

Pretermitting whether ATD was even required to show that the proffered denial can be proved by "admissible evidence having a modicum of credibility,"[16] the trial court erred in disregarding Polk's affidavit and finding that ATD had failed to "offer any supporting documentation to refute the admissions."[17]

Because the denial of ATD's motion to withdraw admissions was based on an erroneous view of the law, the trial court abused its discretion in denying the motion.[18]

---

[16] As noted above, the trial court here did not address the "first inquiry" of the first prong: who will have the burden of proof at trial on the subject matter of the request for admission. Cf. *Crowther v. Estate of Crowther*, 258 Ga. App. 498, 501(1) (574 SE2d 607) (2002) ("As recognized by the trial court, at trial the burden would be on [the movant] to show that she was the legal spouse of the decedent. To withdraw her admissions, she was therefore required to show that the validity of her marriage to the decedent could be proved by admissible evidence having a modicum of credibility.").

[17] See *Burton v. ECI Mgmt. Corp.*, 346 Ga. App. 668, 672(2)(a) (816 SE2d 778) (2018) (holding that the trial court abused its discretion in denying motion to withdraw admissions under the first prong where the plaintiff's sworn affidavit, which was not per se incredible, cast doubt on the veracity of her admissions). See generally *Hughes v. Cornerstone Inspection Group, Inc.*, 336 Ga. App. 283, 286(2) (784 SE2d 116) (2016) ("Our Civil Practice Act and the Uniform Superior Court Rules make clear that affidavits are admissible forms of evidence that may be filed in opposition to motions.").

[18] See *Parham*, 333 Ga. App. at 746-47(1). In *Parham*, the trial court denied a verified motion to withdraw admissions, finding that there was a complete lack of admissible evidence having a modicum of reliability. Id. at 746(1). Because the verified motion was the functional equivalent of an affidavit, this Court reversed, concluding

As we have repeatedly said, "[t]he purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent."[19]

> If matters "admitted" are in fact false, and if [ATD], having contradicted [its] admissions by sworn affidavit ... , can demonstrate the falseness of the admissions as [it] says [it] can do, the merits of the case are preserved by withdrawal of the admissions. [Broadnax] has no right to a judgment based on false "admissions" effected merely because [ATD] was late in answering the requests for admission, for such false admissions do not subserve the merits.[20]

We reiterate the standard of OCGA § 9-11-36(b): ATD was only required to show that the admitted request *can* be refuted by admissible evidence having a *modicum of credibility*. ATD was not required to produce evidence, as the dissent appears to suggest,[21] sufficient to establish that it was entitled to summary judgment.[22]

---

that the trial court's decision was based on an erroneous view of the law and thus an abuse of discretion. Id. at 746-47(1).

[19] *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 668(1) (745 SE2d 846) (2013) (citation and punctuation omitted).

[20] *Bailey v. Chase Third Century Leasing Co.*, 211 Ga. App. 60, 62(1) (438 SE2d 172) (1993).

[21] Again, the dissent relies on cases that are inapplicable in this context. *Brown v. Serv. Credit Union*, 378 Ga. App. 168, 170-71(1) (924 SE2d 783) (2025) ("[T]he admissibility of evidence on motion for summary judgment is governed by the rules

Polk's affidavit was sufficient to show that ATD refuted its admissions (and that its motion to withdraw was not solely interposed for delay); the burden thus shifted to Broadnax as to the second prong of OCGA § 9-11-36(b). Broadnax presented no evidence that allowing ATD to withdraw the admissions would prejudice him in maintaining his action and thus did not satisfy his burden. "Merely being

relating to form and admissibility of evidence generally. Affidavits purporting to establish the amount of a debt without accompanying business records, where appropriate, are insufficient to sustain summary judgment. And affidavit testimony based on the content of business records constitutes inadmissible hearsay if the records are not properly authenticated.") (citations and punctuation omitted); *Powers v. Hudson & Keyse, LLC*, 289 Ga. App. 251, 252(1) (656 SE2d 578) (2008) ("Where an affidavit is based in part on records, the balance owed on the debt cannot be established on summary judgment by means of an affidavit which referred to the records but did not have the records attached."); *Hodges v. Putzel Elec. Contractors, Inc.*, 260 Ga. App. 590, 594(1) (580 SE2d 243) (2003) ("In summary judgment proceedings the rules on admissibility of evidence apply, and hearsay has no probative value unless it is part of the res gestae or otherwise admissible."); *Morris-Bancroft Paper Co., Inc. v. Coleman*, 188 Ga. App. 809, 810 (374 SE2d 544) (1988) (A statement in the corporate president's affidavit that "'the following facts are true and correct to the *best of his knowledge and belief*' ... clearly does not evince compliance with the 'personal knowledge' requirement of OCGA § 9-11-56(e).").

[22] Cf. *Turner*, 280 Ga. App. at 257-58(1) & n.1 (affirming denial of motion to withdraw admissions because the defendant failed to provide *any* evidence upon which the trial court could determine whether his denial had a modicum of credibility; specifically, the defendant stated at the motion hearing that the allegations were "totally false" without elaboration or explanation and his attorney briefly raised a statute of frauds issue without providing any explanation or legal authority as to why the defense would apply).

deprived of judgment or being forced to go to trial is not such prejudice as will prevent withdrawal of admissions."[23] Thus, it is difficult to see how Broadnax could have been prejudiced when ATD filed its motion to withdraw and proposed responses less than a month after the responses were due.[24]

Having determined that the trial court abused its discretion in denying ATD's motion to withdraw admissions, we conclude that the partial summary judgment based on these admissions was also error.[25]

2. Finally, ATD argues that the trial court erred in denying ATD's motion to open default. The trial court dismissed the motion as moot after granting Broadnax's motion for partial summary judgment. In light of our holding in Division 1, ATD's

---

[23] *Bailey*, 211 Ga. App. at 62(1).

[24] Compare *Marlowe v. Lott*, 212 Ga. App. 679, 681(2) (442 SE2d 487) (1994) (affirming denial of motion to withdraw admissions where, inter alia, the non-movant relied on admissions to his detriment by not completing discovery), with *Johnson v. City Wide Cab*, 205 Ga. App. 502, 503(1) (422 SE2d 912) (1992) (affirming grant of motion to withdraw admissions where non-movant argued that the movant "lulled" her into a false sense of security by not moving to withdraw the admission at issue until after the time for substitution of a party had expired).

[25] See *Parham*, 333 Ga. App. at 747(2).

motion to open default is no longer moot, and the trial court should address this motion on remand.

*Judgment reversed and case remanded. Brown, C. J., concurs in judgment only. Barnes, P. J., dissents.*

# In the Court of Appeals of Georgia

A25A1987. AMERICAN TIRE DISTRIBUTORS, INC. v. BROADNAX.

BARNES, Presiding Judge, dissenting.

In the wake of the entry of partial summary judgment against defendant American Tire Distributors ("ATD"), this record and the relevant law supports the trial court's discretionary determination that in-house counsel Polk's affidavit was inadequate to obtain withdrawal of ATD's admissions as to liability, which were established by operation of law. See OCGA § 9-11-36 (a) (2) (a matter is admitted

2

unless a party responds with a "written answer or objection addressed to the matter"). Polk's affidavit, which took on the incompatible roles of both witness and counsel, did not specify the sources or extent of his "personal knowledge," was not supported with documentary evidence, and relied on hearsay. Because the trial court was entitled to reject this effort to withdraw the admissions, I dissent.

As a preliminary matter, in-house counsel Polk did not give his affidavit as a designated corporate representative. Instead, he conflated his role as a corporate employee and testifying witness with his function as advocate when he averred that he "will actively participate in the adjudication of this matter." As the trial court suggested, this alone was sufficient ground for disregarding Polk's conclusions. See *McLaughlin v. Payne*, 295 Ga. 609, 611 (761 SE2d 289) (2014) (noting the "conflict inherent in counsel's dual role as advocate and witness"; that "an attorney [would] act as both witness and advocate is a circumstance to be avoided") (quotation marks omitted); *Castell v. Kemp*, 254 Ga. 556, 557 (331 SE2d 528) (1985) (a lawyer who serves as both witness and advocate "becomes more easily impeachable for interest and thus may be a less effective witness" and "is in the unseemly and ineffective position of arguing his or her own credibility") (quotation marks omitted); accord

*Robles v. Yugueros*, 343 Ga. App. 377, 380 (1) (807 SE2d 110) (2017) (trial court's gatekeeping role is not extinguished simply because deposition testimony is obtained under statute governing depositions of an organization's representative).

More fundamentally, however, and even assuming that Polk was entitled to testify on behalf of ATD, the trial court was within its discretion to reject Polk's affidavit as inadequate, self-serving, and thus not sufficient to show that "the merits of the action [would] be subserved" by its admission. OCGA § 9-11-36 (b). As the movant to withdraw the admission, ATD was "required to show [that] the admitted request either can be *refuted by admissible evidence having a modicum of credibility* or is incredible on its face, *and* the denial is not offered solely for purposes of delay." *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006) (quotation marks omitted; emphasis supplied). Further, "OCGA § 9-11-36 (b) vests broad discretion in the trial court to permit withdrawal or amendment of the admission, and the trial court's ruling on this issue may be reversed only upon a showing of abuse of discretion." Id. (citation modified).

Polk avowed that his affidavit testimony was based on "personal knowledge," "conversations with knowledgeable employees," and his "review of documents,

records, and data compilations made and kept in the regular course of the business activities of" ATD. Polk did not attach any documents to the affidavit, however, and did not specify which employees he surveyed in order to reach the conclusions that ATD "is extremely proactive in ensuring safety at its distribution centers" and has "robust internal safety processes that are followed" at each location, as well as that the location at issue "was at all times kept in a clean and sanitary condition."

Georgia law is clear that self-serving avowals like these, not supported by documentation or founded on inadmissible hearsay, are properly excluded from evidence. See *Hudson & Keyse, LLC*, 289 Ga. App. 251, 252(1)(656 SE2d 578) (2008) ("where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient") (citation modified); *Hodges v. Putzel Elec. Contractors*, 260 Ga. App. 590, 595 (3) (580 SE2d 243) (2003) (portions of affidavit predicated on "[w]hat one is told by others" was hearsay and inadmissible); *Morris–Bancroft Paper Co. v. Coleman*, 188 Ga.App. 809, 811 (374 SE2d 544) (1988) (when it could not be ascertained from a corporate president's affidavit which facts were "conclusively based upon the affiant's personal knowledge and which of them may be based merely

upon information that he received . . . from a source other than his own personal knowledge," summary judgment was properly denied); see also *Brown v. Serv. Credit Union*, 378 Ga. App. 168, 172 (1) (924 SE2d 783) (2025) (affidavit testimony based on the content of business records constitutes inadmissible hearsay if the records are not properly authenticated).

As such, the trial court was authorized to find that Polk's affidavit lacked the "modicum of credibility" necessary to obtain a withdrawal of admission under OCGA § 9-11-36 (b). See *Turner*, 280 Ga. App. at 258 (1) (when an affiant did "no more than offer a perfunctory denial" of allegations and "never elaborated on his denial by pointing to record evidence or testifying to his version of what occurred," he "failed to provide the trial court with any evidence upon which it could determine whether [the affiant] had a modicum of credibility"). Accordingly, the trial court did not abuse its discretion when it rejected Polk's motion to withdraw ATD's admission as to liability. Id. (a trial court was authorized to conclude that the affiant "failed to carry his burden under the first prong of the statutory test" set out in OCGA § 9-11-36 (b)). I therefore dissent.